OFFICE OF DISCIPLINARY COUNSEL *v.* ZAUDERER.

[Cite as Disciplinary Counsel *v.* Zauderer (1984), 10 Ohio St. 3d 44.]

(D.D. No. 83-19—Decided April 4, 1984.)

*Mr. Angelo J. Gagliardo,* disciplinary counsel, and *Mr. Mark H. Aultman,* for relator.

*Mr. David K. Frank,* for respondent.

*Messrs. Gingher & Christensen, Mr. Paul R. Gingher, Mr. Daniel G. Hale* and *Mr. Malcolm L. Miller,* for *amicus curiae,* Ohio Newspaper Association.

*Messrs. Jones, Day, Reavis & Pogue, Mr. John W. Zeiger* and *Mr. Todd S. Swatsler,* for *amicus curiae,* Dispatch Printing Company.

*Messrs. Porter, Wright, Morris & Arthur* and *Ms. Lita C. Miller,* for *amicus curiae,* American Civil Liberties Union Foundation of Ohio, Inc.

CLIFFORD F. BROWN, J. This is a case of first impression in Ohio concerning the constitutional validity of Disciplinary Rules which restrict the content of legal service advertisements. Specifically, the question presented herein is whether the content restrictions of DR 2-101(B)[2] violate the First

---

[2] DR 2-101(B) reads as follows:

"In order to facilitate the process of informed selection of a lawyer by potential consumers of legal services, a lawyer may publish or broadcast, subject to DR 2-103, in print media or over radio or television. Print media includes only regularly published newspapers, magazines and other periodicals, classified telephone directories, city, county and suburban directories, law directories and law lists. The information disclosed by the lawyer in such publication or broadcast shall comply with DR 2-101(A) and be presented in a dignified manner without the use of drawings, illustrations, animations, portrayals, dramatizations, slogans, music, lyrics or the use of pictures, except the use of pictures of the advertising lawyer, or the use of a portrayal of the scales of justice. Only the following information may be published or broadcast:

"(1) Name, including name of law firm and names of professional associates, addresses and telephone numbers;

"(2) One or more fields of law in which the lawyer or law firm is available to practice, but may not include a statement that the practice is limited to or concentrated in one or more fields of law or that the lawyer or law firm specializes in a particular field of law unless authorized under DR 2-105;

"(3) Age;

Amendment to the United States Constitution and Section 11, Article I of the Ohio Constitution.

As to the Dalkon Shield advertisement we agree with the findings of the panel and board that respondent violated DR 2-101(B), prohibiting illustrations in an advertisement; DR 2-104(A), in accepting employment resulting from unsolicited advice given by him to a non-lawyer; DR 2-101(A), in publishing communications which were misleading; DR 2-101(B)(15), by failing fully to disclose the terms of the contingent fee arrangement which was intended to be entered into at the time of publishing the advertisement; and DR 2-103(A), in recommending employment of himself as a private practitioner to a non-lawyer who had not sought his advice regarding employment of a lawyer.

These sections which the panel and board found had been violated by the respondent are constitutional provisions of the Ohio Disciplinary Rules as contained within the Code of Professional Responsibility.

The holdings of the United States Supreme Court in *Bates* v. *State Bar of Arizona* (1977), 433 U.S. 350, and *In re R.M.J.* (1982), 455 U.S. 191, do not totally prohibit the states from restricting lawyer advertising. The court in *Bates,* at 383-384, stated that there could well be a number of areas where restrictions are allowed. Certainly one such area is where the advertising is misleading *per se,* or may be misleading in its reach and interpretation. A

---

"(4)   Date of admission to the bar of a state, or federal court or administrative board or agency;

"(5)   Schools attended, with dates of graduation, degrees and other scholastic distinctions;

"(6)   Public or quasi-public offices;

"(7)   Military service;

"(8)   Published legal authorships;

"(9)   Holding scientific, technical and professional licenses, and memberships in such associations or societies;

"(10)   Foreign language ability;

"(11)   Whether credit cards or other credit arrangements are accepted;

"(12)   Office and telephone answering service hours;

"(13)   Fee for an initial consultation;

"(14)   Availability upon request of a written schedule of fees or an estimate of the fee to be charged for specific services;

"(15)   Contingent fee rates subject to DR 2-106(C), provided that the statement discloses whether percentages are computed before or after deduction of court costs and expenses;

"(16)   Hourly rate, provided that the statement discloses that the total fee charged will depend upon the number of hours which must be devoted to the particular matter to be handled for each client and the client is entitled without obligation to an estimate of the fee likely to be charged, in print size at least equivalent to the largest print used in setting forth the fee information;

"(17)   Fixed fees for specific legal services;

"(18)   Legal teaching positions, memberships, offices, committee assignments, and section memberships in bar associations;

"(19)   Memberships and offices in legal fraternities and legal societies;

"(20)   In law directories and law lists only, names and addresses of references, and, with their written consent names of clients regularly represented."

potential client peering at a lawyer advertisement may be misled or confused by the expressed words, by an illustration or drawing, or by a combination of both.

In the subsequent case of *In re R.M.J.,* the court at page 203 recognized that the state retains some authority to regulate a communication which is not misleading in nature. The state must, however, assert a substantial interest in the regulation and the restriction on the advertisement must be in proportion to the interest served.

Although the restrictions must be narrowly drawn, this state's Disciplinary Rule concerning lawyer advertising passes constitutional muster. Each restriction is closely related to a substantial state interest. It is our view that an allowable restriction for lawyer advertising is that of asserted expertise of the advertising lawyer. A lawyer should not be permitted to hold himself out as an expert in certain designated areas unless there are in existence certain standards or criteria that have been promulgated by the court and set forth in the Disciplinary Rules.

Also, requirements relative to the content of the advertising concerning legal fees would be permissible under the United States Supreme Court rulings cited. Certainly for purposes of clarity to those reading a lawyer advertisement which refers to contingent fees, the requirement should be that such fees be specifically expressed, as well as any additional costs that might be assessed the client.

Also, it is reasonable for a state to impose restrictions upon lawyer advertising, prohibiting the lawyer from giving legal advice in a specific area, and then recommending employment of himself to those who have not sought his advice. Further, in this regard, the states may restrict the lawyer from accepting employment resulting from unsolicited advice given by him.

The specific subsections of DR 2-101(B) which were involved here and which were the basis of the sanctions recommended for the respondent are not unconstitutional. Although some other portions of DR 2-101(B) may be found to be constitutionally overbroad it is not necessary that we scrap the totality of this Disciplinary Rule.

With respect to the drunk driving advertisement, the board found that respondent violated DR 2-101(A). The board reasoned that the phrase "Full legal fee refunded if convicted of Drunk Driving," as contained in the ad, encouraged the reader to believe that he could obtain representation in a criminal case at no cost. However, in view of the common practice of entering a plea of guilty or no contest to a lesser included offense when a person is charged with operating a motor vehicle while intoxicated, this interpretation would be erroneous. If such a plea were entered, the defendant would not be "convicted of drunk driving" and therefore the legal fee would not be refundable.

While we agree with the board's conclusion that the drunk driving advertisement was "misleading and deceptive" in violation of DR 2-101(A), we also note that respondent voluntarily withdrew the advertisement from cir-

culation after only one publication and did not accept any clients as a result thereof.

Accordingly, we accept the hearing panel's recommendation and hereby determine that respondent's conduct warrants a public reprimand.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.