Cuyahoga County Bar Association *v.* Boychuk.

[Cite as *Cuyahoga Cty. Bar Assn. v. Boychuk* (1997), 79 Ohio St.3d 93.]

(No. 96–2808—Submitted March 19, 1997—Decided June 25, 1997.)

94

*Blaise C. Guisto, Saul Eisen* and *Gregory F. Clifford,* for relator.

*Charles W. Kettlewell,* for respondent.

---

*Per Curiam.* We have said on many occasions that the misappropriation of client funds and the neglect of client interests normally warrant the severe sanction of disbarment. *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635, and cases cited therein. However, in imposing a sanction, we consider not only the duty violated, but also the lawyer's mental state, the actual injury caused, and whether mitigating factors exist. In this case, we note respondent's personal and emotional problems that existed at the time of these infractions and the steps respondent has since taken to recover from her involvement with alcohol and drugs. We also note that respondent began a timely, good-faith effort to make restitution before disciplinary proceedings were commenced. Therefore, we agree with the board's recommendation and order that respondent be suspended from the practice of law for two years. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

LUNDBERG STRATTON, J., dissenting. I would suspend the respondent indefinitely. The lengthy course of her disciplinary violation, her criminal convictions, and her abuse of cocaine deserve a longer suspension and proof of long-term rehabilitation before readmittance to the bar is merited. Therefore, I respectfully dissent.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.