DAYTON BAR ASSOCIATION *v.* SHAMAN.

[Cite as *Dayton Bar Assn. v. Shaman* (1997), 80 Ohio St.3d 196.]

(No. 97–871—Submitted September 9, 1997—Decided November 5, 1997.)

*Thomas P. Whelley II,* for relator.

*William I. Shaman,* for respondent.

DOUGLAS, J. Respondent and relator in this case agreed that respondent's misconduct warranted an indefinite suspension from the practice of law in this state. Two of the three panel members and the board disagreed, concluding that the proper sanction under the circumstances was permanent disbarment.[1] We accept the findings of the board and agree that respondent failed miserably in his responsibilities to his clients. However, we do not agree with the board's recommendation that respondent be permanently disbarred from the practice of law.

In *Cleveland Bar Assn. v. Rea* (1997), 78 Ohio St.3d 71, 676 N.E.2d 514, when an attorney neglected numerous legal matters entrusted to her, improperly retained retainers which she did not earn or return, and lied to various clients, we ordered an indefinite suspension. We also ordered an indefinite suspension in

---

1. In the stipulation, relator and respondent agreed that any "disciplinary action taken against the Respondent should be in the form of an indefinite suspension of his privileges and right to practice law in the State of Ohio." However, "[n]otwithstanding the agreement of Relator and Respondent on a recommended sanction for Respondent, the hearing panel and the Board are not bound by the joint recommendation and retain sole power and discretion to make a final recommendation to the Ohio Supreme Court on the appropriate sanction." Section 3(D) on the Rules and Regulations Governing Procedures on Complaints and Hearings before the Board of Commissioners on Grievances and Discipline of the Supreme Court.

*Akron Bar Assn. v. Snyder* (1997), 78 Ohio St.3d 57, 676 N.E.2d 504, where, among other things, the attorney neglected several legal matters entrusted to him, failed to pay or deliver funds owing to clients, failed to deliver files to which a client was entitled, and failed to cooperate in a disciplinary investigation. See, also, *Disciplinary Counsel v. Palmer* (1994), 71 Ohio St.3d 174, 642 N.E.2d 1087 (indefinite suspension for lying to several clients and neglecting their interests), and *Disciplinary Counsel v. Chavers* (1990), 55 Ohio St.3d 18, 562 N.E.2d 1386 (indefinite suspension for accepting numerous retainers and not performing work requested, failing to return unearned fees, and failing to cooperate in the disciplinary investigation). Respondent's misconduct in this case is substantially similar to what occurred in *Snyder, Palmer,* and *Chavers.* Also, compare, *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186 (indefinite suspension for attorney's neglecting several legal matters entrusted to her, continually lying to her clients, lying to the court, and lying to Disciplinary Counsel in the attempt to investigate her actions). Clearly, respondent's actions, while outrageous and inexcusable, are not any more egregious than what occurred in *Snyder, Palmer, Chavers,* and *Trumbo.*

Further, when imposing a sanction, we will consider not only the duty violated, but the lawyer's mental state, the actual injury caused, and whether mitigating factors exist. *Cuyahoga Cty. Bar Assn. v. Boychuk* (1997), 79 Ohio St.3d 93, 97, 679 N.E.2d 1081, 1084. In this case, we note respondent's personal problems that existed at the time of the violations and the fact that he has taken steps to resolve his problems. Respondent is currently receiving treatment for his depression and he has agreed to provide restitution to aggrieved clients. We also note that respondent has shown genuine remorse for the problems that he has caused his clients and family.

Accordingly, we believe that the appropriate sanction under the circumstances for respondent's failure to fulfill his responsibilities as a lawyer is an indefinite suspension. Pursuant to the penalty of indefinite suspension, respondent is, of course, precluded from filing a petition for reinstatement until a period of at least two years has expired subsequent to the entry of our order suspending him from the practice of law. See Gov.Bar R. V(10)(B). Moreover, respondent's reinstatement, if ever, will be subject to the conditions of Gov.Bar R. V(10)(B) *et seq.* Costs taxed to respondent.

*Judgment accordingly.*

RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., F.E. SWEENEY and COOK, JJ., dissent.

COOK, J., dissenting. I agree with the recommendation of the board that respondent be permanently disbarred. I, therefore, respectfully dissent from the decision of the majority to indefinitely suspend this respondent.

MOYER, C.J., and F.E. SWEENEY, J., concur in the foregoing dissenting opinion.