OFFICE OF DISCIPLINARY COUNSEL *v.* SHANE.

OFFICE OF DISCIPLINARY COUNSEL *v.* HENDERSON.

[Cite as *Disciplinary Counsel v. Shane* (1998), ___ Ohio St.3d ___.]

*Attorneys at law — Misconduct — Public reprimand — Using testimonials of past clients in broadcast television commercials that were clearly self-laudatory and failing to reveal in commercials that clients had legal obligation to pay costs and expenses of their cases.*

(Nos. 97-2642 and 97-2643 — Submitted February 18, 1998 — Decided April 22, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-83.

From April 1994 through early 1996, respondents Barry L. Shane of Cleveland, Ohio, Attorney Registration No. 0008200, and Louis G. Henderson of Cleveland, Ohio, Attorney Registration No. 0022532, while practicing together in the firm of Shane, Shane & Henderson Co., L.P.A., broadcast television commercials advertising the services of their law firm. The firm began television advertising in 1992 when Michael Shane, now deceased, was the dominant force in the firm.

In four of the television commercials, former clients of the firm appeared, talking about actual situations in which they had employed respondents' law firm. In one of the presentations, a client said that the firm "fought the law all the way to the Ohio Supreme [*sic*], and we won." A client in another presentation said, "They really fought for me. They were aggressive and settled things quickly. * * * I never expected the large settlement they won for me." A third client said, "They made things happen. And they got results * * *. If you have the right attorneys,

you can fight City Hall." The fourth former client said, "They fought for me and got me a very good judgment. * * * Take my word for it, they're the best."

The remaining four television presentations that were introduced into evidence contained appearances by one or the other of the respondents, who stated, "[T]here's no charge unless we win your case. What could be fairer?" "This case needs tons of research and we told him there's no fee unless we win." "[W]e only charge if we win.* * * We always work that way." "[R]emember, you pay us only when we win. What could be fairer?" In February 1996, after respondents received notice that a grievance had been filed with respect to these commercials, they immediately terminated all their television advertising.

On October 15, 1996, relator, Office of Disciplinary Counsel, filed a complaint charging that respondents' television presentations violated DR 2-101(A)(3) (using public communication that contains any testimonial of past or present clients pertaining to the lawyer's capability), 2-101(A)(1) (using public communication that contains misleading or self-laudatory statements), and 2-101(E)(1)(c) (failing to disclose that in the event of an adverse verdict or decision the contingent fee litigant could be liable for court costs, expenses of investigation, expenses of medical examinations, and costs incurred in obtaining and presenting evidence). Respondents answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

At the hearing before the panel, respondents pointed out that all the facts presented in the television commercials were true, that the laudatory statements were the former clients' own words, and that while the respondents advanced costs and expenses during the case, it was their practice to waive payment for such costs and expenses if the client did not win. Therefore, the statement that there were no

2

charges if the client did not prevail was true. Relator introduced respondents' standard contingent fee agreement, which stated, "Any out-of-pocket (case) expenses directly attributable to this matter, which may include photocopying, postage, filing fees, court costs, transportation costs, deposition/transcript costs, records/medical record fees, medical report fees, and expert report fees, shall be billed to the Client over and above any billings for Attorney's fees."

The panel concluded that respondents' conduct violated the Disciplinary Rules as charged, but noting that to single out respondents would be equivalent to "selective enforcement," recommended that respondents receive a public reprimand. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Barry L. Shane* and *Louis G. Henderson, pro se*.

_____

***Per Curiam***. In 1992, when respondents began airing television commercials, DR 2-101(A) did not specifically proscribe advertisements that contained testimonials of past or present clients pertaining to a lawyer's capability. However, on January 1, 1993, DR 2-101(A) was amended and television commercials containing the testimonials of satisfied clients, such as those broadcast by respondents, were prohibited. We agree with the conclusion of the panel that the four television commercials presented from April 1994 through early 1996, in which former clients praised the work of the firm, violated DR 2-101(A)(3).

3

The commercials that contained information about the firm's past successes, while not inaccurate, were self-laudatory and inherently misleading. Despite the praises of the former clients, there is no way to objectively determine whether the results achieved by the firm were exceptional, adequate, or poor, or even whether the firm was instrumental in the outcome of the cases. Comments about past successes may create unjustified expectations of similar outcomes in the future without taking into account the peculiarities of the particular cases. We agree with the board that respondents' television commercials violated DR 2-101(A)(1).

In *Disciplinary Counsel v. Zauderer* (1984), 10 Ohio St.3d 44, 10 OBR 308, 461 N.E.2d 883, under former DR 2-101(B)(15), which is essentially the same as the present DR 2-101(E)(1)(c), we publicly reprimanded an attorney who advertised, "If there is no recovery, no legal fees are owed by our clients." In upholding our sanction, the Supreme Court in *Zauderer v. Office of Disciplinary Counsel* (1985), 471 U.S. 626, 652, 105 S.Ct. 2265, 2282, 85 L.Ed.2d 652, 673, said, "The advertisement makes no mention of the distinction between 'legal fees' and 'costs,' and to a layman not aware of the meaning of these terms of art, the advertisement would suggest that employing appellant would be a no-lose proposition in that his representation in a losing cause would come entirely free of charge." Respondents' television commercials suffer from the same deficiency as Zauderer's newspaper advertisements. The commercials do not inform the public that, win or lose, clients who enter into contingent fee contracts are responsible for costs and expenses of their cases.

While it may be true that respondents' practice is not to bill costs and expenses to clients who lose, paragraph three of the standard fee agreement that respondents entered into with their clients provided that itemized "case" expenses "shall be billed to the Client over and above any billings for Attorney's fees."

4

Indeed, were the respondents to agree otherwise, they would violate DR 5-103(B), which states that a lawyer may advance expenses of the case "provided the client remains ultimately liable for such expenses."

Thus, despite respondents' practice, their clients had a legal obligation to pay the costs and expenses of their cases, and DR 2-101(E)(1)(c) requires that this obligation should have been revealed in respondents' television commercials relating to contingent fees.

We therefore adopt the findings and conclusions of the panel. Respondents did use testimonials of past clients in commercials that were clearly self-laudatory in violation of DR 2-101(A)(1) and (3). Their contingent fee advertisements were in violation of DR 2-101(E)(1)(c).

In determining the sanction to be imposed, we consider the duty violated, the lawyer's mental state, the injury caused, and the existence of aggravating or mitigating circumstances. *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568, and cases cited therein. There is a fine line separating the law firm's right to make its services known not only through reputation but also through advertising, and the law firm's duty not to mislead the public or overreach in its zeal to obtain clients. Here we have found a violation of the duty not to mislead. However, respondents appear not to have violated this duty deliberately, but partly by their negligence in failing to be aware of the change in the Disciplinary Rules while they were running the offending television advertisements. Moreover, we take notice, as did the board, that there are "hundreds of yellow pages ads in every city in Ohio containing the words 'no recovery, no fee,' " indicating that numerous other lawyers were and are under the impression that such advertising conforms with the Disciplinary Rules. Thus, we conclude that the respondents' mental state was not to purposely violate the rules

5

of the profession. Moreover, there was no evidence of any harm done to any client of respondents by the offending advertisements. Finally, we note that the respondents immediately ceased such advertising when informed that a grievance had been filed. Therefore, we agree with the board that the appropriate sanction in this situation is a public reprimand.

In imposing this sanction we are also informing all members of the profession that such advertisements, whether in newspapers, on television, or in the "yellow pages," are improper and should be either withdrawn or modified as soon as feasible to conform with this decision.[1] Respondents are therefore publicly reprimanded.

Costs taxed to respondents.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

**FOOTNOTE**:

1. We recognize that at the time this decision is released, in many areas of Ohio, yellow pages advertisements for the year beginning June 1998 have already been printed. Each of these advertisements is potentially misleading and, like respondents' television advertising, in violation of DR 2-101(E)(1)(c). We do not expect disciplinary actions to be brought against attorneys who are unable to withdraw such advertisements, but we do expect that every member of the bar will be aware that, within a reasonable time, all advertising in violation of the Disciplinary Rules shall cease.