OFFICE OF DISCIPLINARY COUNSEL *v.* KURTZ.

[Cite as *Disciplinary Counsel v. Kurtz* (1998), 82 Ohio St. 3d 55.]

(No. 97–2182—Submitted February 17, 1998—Decided May 20, 1998.)

56

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, Assistant Disciplinary Counsel, for relator.

Phillip Kurtz, pro se.

**Per Curiam.** We accept the board's findings of fact and agree with its conclusion that respondent's conduct violated DR 1–102(A)(4), 5–101(A)(1), and 9–102(A).

As the probate court found, respondent engaged in self-dealing and violated his fiduciary duty as a trustee. We reject respondent's characterization of these transfers from the Korda estate to his business account as "loans," not only because the contemporaneous notations that respondent placed on the checks indicate otherwise, but also because respondent, as fiduciary for the trust, did not receive documentation evidencing that any of the fifty-two transfers was a loan.

Moreover, even if the transfers were "loans," they were not authorized or approved as R.C. 2109.44 and prudent fiduciary administration require. R.C. 2109.44, during the time relevant herein, provided in part, "Fiduciaries shall not buy from or sell to themselves nor shall they in their individual capacities have any dealings with the estate, except as expressly authorized by the instrument creating the trust and then only * * * with the approval of the probate court in each instance." (144 Ohio Laws, Part I, 1525–1526.) This statute contains two clear requirements: First, any dealing by a fiduciary with the estate must be expressly authorized by the trust instrument, and second, it must be approved by the probate court.

Respondent's conduct in making "loans" to himself failed both tests. Item IV(B) of the Korda will authorized the trustee to invest Korda trust property "in

such investment bonds and securities as may be selected by him, irrespective of any limitation prescribed by law or custom upon the investments of Trustees." We do not read this language as "expressly" authorizing respondent, as fiduciary, to make loans to himself, and, in any case, respondent did not seek the approval of the probate court for any of the so-called loans.

We have consistently held that, absent any mitigating factors, the proper sanction for misappropriation of client funds is disbarment. *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 645, 665 N.E.2d 675, 676, and cases cited therein. However, in *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio St.3d 75, 676 N.E.2d 517, we gave weight to the recommendation of the board, and we do so in this case. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents and would disbar the respondent.