**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 55.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. KURTZ.

[Cite as *Disciplinary Counsel v. Kurtz*, 1998-Ohio-278.]

*Attorneys at law—Misconduct—Indefinite suspension—Misappropriation of client funds—Engaging in self-dealing and violating fiduciary duty as a trustee.*

(No. 97-2182—Submitted February 17, 1998—Decided May 20, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-41.

———————————

{¶ 1} On June 5, 1995, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent, Phillip Kurtz of Cleveland, Ohio, Attorney Registration No. 0030018, violated several Disciplinary Rules while acting in a fiduciary capacity. Respondent denied the violations, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in 1983, respondent drafted a will for Anna J. Korda, in which she named him executor of her estate and trustee of her testamentary trust. Korda died in 1986, and in 1989, respondent was appointed trustee of the Korda trust. He served as trustee until he resigned in 1994.

{¶ 3} In 1992 and for two years thereafter, without prior court approval, respondent on fifty-two occasions withdrew funds totaling $75,800 from the Korda trust and deposited the money into his business account. He then used the money for office expenses. At the hearing, respondent characterized these withdrawals from the trust as "loans." He claimed that the terms of the trust that authorized the trustee "to invest * * * in such investment bonds and securities as may be selected by him" allowed him to make loans to himself, provided that he intended to pay interest on the moneys. Until shortly before his resignation, respondent returned

borrowed funds to the trust with interest higher than the trust could have obtained at a bank.

{¶ 4} However, the Korda estate received no notes or other documentation from respondent indicating that the payments to him were loans from the trust. The first thirty-seven checks that respondent wrote to himself from the Korda trust contained the notation that they were for "fiduciary/legal services," and the last fifteen checks contained the notation, "transfer of funds." After respondent resigned as trustee, the Probate Court of Cuyahoga County found that he had "violated Ohio Revised Code Section 2109.44 by self dealing with assets of the estate of the trust without proper authorization." The court ordered respondent to pay $48,104 plus interest to the successor trustee, representing funds that respondent had not repaid to the trust and attorney fees incurred by the successor trustee.

{¶ 5} The panel concluded that respondent's actions violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 5-101(A)(1) (accepting employment where one's judgment might be influenced by personal interests), and 9-102(A) (failing to maintain client funds in an identifiable bank account). In mitigation, respondent presented witnesses and letters from persons who testified to his honesty and good character. The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Phillip Kurtz*, *pro se*.

_____

**Per Curiam.**

**{¶ 6}** We accept the board's findings of fact and agree with its conclusion that respondent's conduct violated DR 1-102(A)(4), 5-101(A)(1), and 9-102(A).

**{¶ 7}** As the probate court found, respondent engaged in self-dealing and violated his fiduciary duty as a trustee. We reject respondent's characterization of these transfers from the Korda estate to his business account as "loans," not only because the contemporaneous notations that respondent placed on the checks indicate otherwise, but also because respondent, as fiduciary for the trust, did not receive documentation evidencing that any of the fifty-two transfers was a loan.

**{¶ 8}** Moreover, even if the transfers were "loans," they were not authorized or approved as R.C. 2109.44 and prudent fiduciary administration require. R.C. 2109.44, during the time relevant herein, provided in part, "Fiduciaries shall not buy from or sell to themselves nor shall they in their individual capacities have any dealings with the estate, except as expressly authorized by the instrument creating the trust and then only * * * with the approval of the probate court in each instance." (144 Ohio Laws, Part I, 1525-1526.) This statute contains two clear requirements: First, any dealing by a fiduciary with the estate must be expressly authorized by the trust instrument, and second, it must be approved by the probate court.

**{¶ 9}** Respondent's conduct in making "loans" to himself failed both tests. Item IV(B) of the Korda will authorized the trustee to invest Korda trust property "in such investment bonds and securities as may be selected by him, irrespective of any limitation prescribed by law or custom upon the investments of Trustees." We do not read this language as "expressly" authorizing respondent, as fiduciary, to make loans to himself, and, in any case, respondent did not seek the approval of the probate court for any of the so-called loans.

**{¶ 10}** We have consistently held that, absent any mitigating factors, the proper sanction for misappropriation of client funds is disbarment. *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 645, 665 N.E.2d 675, 676, and cases cited therein. However, in *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio

St.3d 75, 676 N.E.2d 517, we gave weight to the recommendation of the board, and we do so in this case. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

M<small>OYER</small>, C.J., D<small>OUGLAS</small>, R<small>ESNICK</small>, F.E. S<small>WEENEY</small>, P<small>FEIFER</small> and L<small>UNDBERG</small> S<small>TRATTON</small>, JJ., concur.

C<small>OOK</small>, J., dissents and would disbar the respondent.

_____