OFFICE OF DISCIPLINARY COUNSEL *v.* LOWREY.

[Cite as *Disciplinary Counsel v. Lowrey* (1999), 85 Ohio St.3d 2.]

(No. 98–2218—Submitted December 16, 1998—Decided March 3, 1999.)

3

4

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Thomas J. Lowrey, pro se.*

***Per Curiam.*** We adopt the findings, conclusions, and recommendation of the board. Absent any mitigating factors, the appropriate sanction for misappropriation of client funds is disbarment. *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899. Nevertheless, we give weight to the board's recommendation of the lesser sanction of indefinite suspension based on the evidence of mitigation. See, *e.g., Disciplinary Counsel v. Kurtz* (1998), 82 Ohio St.3d 55, 57, 693 N.E.2d 1080, 1082, in which we held that an attorney's misappropriation of funds while serving as testamentary trustee warranted adoption of the board's recommendation of indefinite suspension, and the board relied on mitigating evidence of respondent's general reputation for honesty and good character; see, also, *Dayton Bar Assn. v. Shaman* (1997), 80 Ohio St.3d 196, 201, 685 N.E.2d 518, 521 (mitigating evidence warranting lesser sanction of indefinite suspension included agreement to provide restitution and attorney's genuine remorse for misconduct involving misappropriation of client funds). Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

---

COOK, J., dissenting. The majority concedes that disbarment is the appropriate sanction for misappropriation of client funds, absent mitigating factors. I do not find that the evidence cited by the majority justifies a lesser sanction.

That an attorney has, prior to his misappropriation, enjoyed a reputation for honesty and good character hardly qualifies as a mitigating factor; it is the expected reputation of all attorneys. Likewise, no personal financial needs, even those related to poor health, vitiate the corrupt conduct of stealing from clients.

Respondent should be permanently disbarred, and I therefore dissent from the decision of the majority.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.