[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 399.]

LAKE COUNTY BAR ASSOCIATION *v.* MAZZOCCO.

[Cite as *Lake Cty. Bar Assn. v. Mazzocco*, 1999-Ohio-277.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to maintain separate identifiable bank accounts for client funds—Failing to maintain records of client funds coming into attorney's possession—Using client trust funds for personal and business expenses—Failing to register timely with the Supreme Court for the three biennial periods from 1985 through 1991—Failing to register for the biennial registration periods from 1991 through 1997—Engaging in illegal conduct involving moral turpitude— Engaging in conduct adversely reflecting on fitness to practice law— Intentionally prejudicing or damaging client during course of professional relationship.*

(No. 98-2643—Submitted January 27, 1999—Decided April 28, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 95-48 and 97-52.

————————————

{¶ 1} On June 5, 1995, relator, Lake County Bar Association, filed a complaint initiating case No. 95-48, in which it charged respondent, Anthony R. Mazzocco of Mentor, Ohio, Attorney Registration No. 0031379, with violating several Disciplinary Rules. On June 16, 1997, Disciplinary Counsel filed a complaint initiating case No. 97-52, charging respondent with other disciplinary violations. On November 3, 1997, respondent filed an answer in case No. 97-52. On November 19, 1997, the two cases were consolidated, and the Lake County Bar Association was designated as the sole relator. On May 18, 1998, relator filed an amended complaint in case No. 95-48, and respondent filed his answer on June 10, 1998.

**{¶ 2}** At a hearing on July 20, 1998, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") granted relator's motion to dismiss eight counts in the consolidated cases, and respondent admitted to the violations in counts three and four in case No. 95-48 and counts one and three in case No. 97-52.

**{¶ 3}** With respect to case No. 95-48, the panel found as follows. In July 1989, respondent was appointed guardian for Marion Santarelli. After Santarelli's death, respondent failed to file a final accounting or relinquish the funds of the estate to the executor, and respondent's check to Gateway Family Home for the care of Santarelli was returned for insufficient funds. During the guardianship, respondent did not maintain separate and identifiable bank accounts for client funds, nor did he maintain complete records of all client funds coming into his possession. Moreover, respondent used his client's funds in the amount of $88,136.94 for his own personal and business expenses.

**{¶ 4}** With respect to count one of case No. 97-52, the panel found that Eleanor E. Castrovince, respondent's long-time client, had granted him a general power of attorney. One day before Castrovince's death, respondent wrote three checks payable to himself from her checking account in the total amount of $2,500. Three days after her death, he wrote another check to himself from the same account for $2,600. In the year preceding Castrovince's death, respondent without authority wrote checks to himself totaling $45,000. Subsequently Castrovice's estate obtained a judgment against respondent for $39,570.

**{¶ 5}** The panel found that with respect to count three of case No. 97-52, respondent failed to register timely with the Supreme Court for the three biennial periods from 1985 through 1991 and failed to register at all for the biennial registration periods from 1991 through 1997.

**{¶ 6}** The panel concluded that respondent's conduct in counts three and four of case No. 95-48 violated DR 1-102(A)(4) (engaging in conduct involving

2

dishonesty, fraud, deceit, or misrepresentation), 9-102(A) (failing to deposit all funds of clients in one or more identifiable bank accounts separate from the funds of the lawyer or law firm), and (B)(3) (failing to maintain complete records and appropriately account for all funds of a client in the lawyer's possession). With respect to his conduct in count one of case No. 97-52, the panel found that respondent violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), (4), and (6) (engaging in conduct that adversely reflects upon the lawyer's fitness to practice law), 7-101(A)(3) (intentionally prejudicing or damaging a client during the course of the professional relationship), and 9-102(B)(3). The panel further concluded with respect to count three of case No. 97-52 that respondent's failures to register and late registrations with the Clerk of the Supreme Court violated Gov.Bar R. VI (registration of attorneys).

{¶ 7} In mitigation the panel noted that relator was able to verify respondent's payment of $50,136.94 to the Santarelli estate and an additional payment of $38,000 to the estate by respondent's bonding company. Also, respondent was currently repaying the bonding company on a monthly basis. The panel was not able to verify respondent's claim that he had paid any of the $39,570 that he owed to the Castrovince estate. The panel did find that respondent was currently registered as an attorney. Finally, the panel received respondent's acknowledgement that from 1988 through the early 1990s he indulged in alcohol "to the point of excess," and at the time of the hearing before the panel had sought help and was considering contacting the Ohio Lawyers Assistance Program ("OLAP").

{¶ 8} The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel, and further recommended that respondent enter into and comply with the conditions of OLAP and also make full restitution.

_____

*David J. Sternberg,* for relator.

*Anthony R. Mazzocco, pro se.*

_____

**Per Curiam.**

{¶ 9} With respect to case No. 95-48, we adopt the facts found by the board that relator did not maintain separate identifiable bank accounts for client funds, that he failed to maintain records of client funds coming into his possession, and that he used $88,136.94 in client trust funds for his personal and business expenses.

{¶ 10} We do not adopt the board's factual findings that respondent failed to file a final account or turn over assets in the Santarelli case or that he issued a check to the Gateway Family Home for insufficient funds because those allegations were a part of count two in case No. 95-48, and that count was dismissed by the relator. We therefore adopt only the board's conclusion in case No. 95-48 that respondent's conduct violated DR 9-102(A) and (B)(3), in that he converted and commingled client and personal monies.

{¶ 11} We adopt the findings and conclusions of the board in case No. 97-52.

{¶ 12} Because public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases, we have previously held that absent mitigating circumstances, disbarment is the appropriate sanction when a fiduciary misuses the assets of an estate. *Disciplinary Counsel v. Romaniw* (1998), 83 Ohio St.3d 462, 700 N.E.2d 858. Where sufficient mitigating circumstances exist, and the board recommends it, we have, on occasion, imposed a lesser penalty. *Disciplinary Counsel v. Kurtz* (1998), 82 Ohio St.3d 55, 693 N.E.2d 1080; *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538. We do so in this case. Respondent is hereby indefinitely suspended from the practice of law in Ohio, with his reinstatement conditioned upon his

making full restitution, with interest at the current judgment rate, in the Castrovince and Santarelli matters.  Cost are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents and would disbar respondent.

_____