Per Curiam.

We adopt the findings of the board in the Jackson matter. In cases where a contract for legal services in a tort matter includes a contingent fee, R.C. 4705.15(B) requires that “[the] agreement shall be reduced to writing.” Columbus Bar Assn. v. Klos (1998), 81 Ohio St.3d 486, 490, 692 N.E.2d 565, 568. In addition to outlining the percentage that the attorney will charge for fees, the agreement should provide that the client is liable for the costs of litigation. Cf. Disciplinary Counsel v. Shane (1998), 81 Ohio St.3d 494, 497, 692 N.E.2d 571, 573-574. Examples of such costs appear in DR 5-103(B) and include “court costs, expenses of investigation, expenses of medical examination, and costs of obtaining and presenting evidence.” Costs of litigation generally do not include *346 secretarial charges or fees of paraprofessionals. Those costs are considered to be normal overhead subsumed in the percentage fee.
In cases where legal services are contracted for at an hourly rate, an attorney’s secretarial costs, except in unusual circumstances and then only when clearly agreed to, are part of overhead and should be reflected in the hourly rate. If an attorney charges separately for a legal assistant, the legal assistant’s hourly charges should be stated and agreed to in writing.
Where, as here, the contingent fee portion of the agreement was activated, the settlement sheet should have reflected that all legal fees and normal overhead expenses were included in respondent’s thirty-three percent charge. While the Jacksons and respondent dispute about whether an oral modification of the written contract was to include paralegal fees, no evidence at all exists that the secretarial charges were part of the contract. We conclude that by collecting for secretarial and law clerk expenses, in addition to filing fees, deposition fees, and his thirty-three percent of the settlement, respondent did not adhere to his written contract with the Jacksons and thereby charged a clearly excessive fee in violation of DR 2-106(A).
We also adopt the findings of the board in the Ayers matter. During the course of her case Ayers paid respondent $4,760.39. Respondent returned $550 to Ayers after he failed to perfect an appeal to the Supreme Court. Based on these facts we adopt the conclusions of the board. Even disregarding whether the appeals of Ayers’s case were improvidently taken, respondent’s failure to obtain the proper affidavit to support his memorandum in the common pleas court and his failure to file timely pleadings in both that court and the Supreme Court constitute violations of DR 6—101(A)(2), 7—101(A)(1), 7—101(A)(2), and 7-101(A)(3).
We note that we previously suspended respondent for one year with six months stayed and restitution ordered in Columbus Bar Assn. v. Brooks (1996), 75 Ohio St.3d 524, 664 N.E.2d 900.
In this matter we hereby suspend respondent from the practice of law for two years with eighteen months stayed on condition that during the first six months of his suspension respondent reimburse the Jacksons in the amount of $2,981.90 and reimburse Ayers in the amount of $2,500. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer and Lundberg Stratton, JJ., concur.
Cook, J., dissents.