[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 328.]

MAHONING COUNTY BAR ASSOCIATION *v.* SINCLAIR.

[Cite as *Mahoning Cty. Bar Assn. v. Sinclair*, 2000-Ohio-348.]

*Attorneys at law—Misconduct—Six-month suspension stayed with one-year probation—Failing to disclose in solicitation letter the potential liability of contingent-fee clients for costs and expenses of their cases.*

(No. 99-2266—Submitted February 9, 2000—Decided March 29, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-30.

————————————

{¶ 1} On April 22, 1998, we publicly reprimanded two attorneys for airing television commercials that violated several Disciplinary Rules, including DR 2-101(E)(1)(c) (failing to disclose that in the event of an adverse verdict or decision the contingent-fee litigant could be liable for court costs, expenses of investigation, expenses of medical examinations, and costs incurred in obtaining and presenting evidence). *Disciplinary Counsel v. Shane* (1998), 81 Ohio St.3d 494, 692 N.E.2d 571. We further advised "all members of the profession that such advertisements, whether in newspapers, in television, or in the 'yellow pages,' are improper and should be either withdrawn or modified as soon as feasible to conform with this decision." *Id.* at 498, 692 N.E.2d at 574.

{¶ 2} Respondent, R. Allen Sinclair of Youngstown, Ohio, Attorney Registration No. 0055915, has a law practice that has a concentration in personal-injury law. In November 1997, he began sending solicitation letters to potential victims of automobile accidents in Mahoning, Trumbull, and Columbiana Counties. Respondent's solicitation letters did not include the statement required by DR 2-101(E)(1)(c) disclosing the potential liability of contingent-fee clients for costs and expenses.

**{¶ 3}** After we issued our decision in *Shane*, respondent knew that his letters did not comply with DR 2-101(E)(1)(c), but he failed to immediately correct them, even though he could have easily done so. Instead, on June 1, 1998, he mailed a solicitation letter to a Mr. and Mrs. Shure concerning an automobile accident involving their child. The letter did not include the disclosure required by DR 2-101(E)(1)(c). During that same period, respondent sent out at least twenty similar letters to other potential accident victims.

**{¶ 4}** On May 10, 1999, relator, Mahoning County Bar Association, filed a complaint charging respondent with violating DR 2-101(E)(1)(c) by sending the solicitation letter to the Shures. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). Respondent stipulated that his letter to the Shures violated DR 2-101(E)(1)(c), and he testified that even before our decision in *Shane,* he realized that his "yellow pages" advertisement might not comply with DR 2-101(E)(1)(c) and he corrected it to include the required disclosure.

**{¶ 5}** The panel found the facts as previously set forth and concluded that respondent's conduct violated DR 2-101(E)(1)(c). In mitigation, the panel found that respondent had since changed his standard solicitation letter to comply with DR 2-101(E)(1)(c) and that he planned to modify his future "yellow pages" advertisements and his Internet site to avoid the violation of any other Disciplinary Rules.

**{¶ 6}** The panel recommended that respondent be suspended from the practice of law in Ohio for six months, with the suspension stayed for a one-year period of probation, with conditions including complete compliance with the Disciplinary Rules regarding solicitation and full cooperation with a mentor selected by relator, who shall inspect and ensure that all solicitation letters, advertisements, and Internet web pages of respondent comply with the Disciplinary

2

Rules. The board adopted the findings, conclusions, and recommendation of the panel.

––––––––––––––––––

*Roth, Blair, Roberts, Strasfeld & Lodge, L.P.A.*, and *Richard B. Blair*, for relator.

*R. Allen Sinclair, pro se*.

––––––––––––––––––

***Per Curiam.***

**{¶ 7}** We adopt the findings and conclusions of the board. As admitted by respondent, his solicitation letter to the Shures violated DR 2-101(E)(1)(c).

**{¶ 8}** In determining the appropriate sanction, we consider not only the duty violated, but also the lawyer's mental state, the injury caused, and the existence of aggravating or mitigating circumstances. *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568; *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 319, 720 N.E.2d 525, 528.

**{¶ 9}** In *Shane*, in which attorneys also violated DR 2-101(E)(1)(c) and other Disciplinary Rules concerning their advertisements, we emphasized that a public reprimand was appropriate because statewide advertising by attorneys in "yellow pages" containing the words "no recovery, no fee" indicated that the attorneys' "mental state was not to purposely violate the rules of the profession." *Shane*, 81 Ohio St.3d at 497, 692 N.E.2d at 574. Nevertheless, we advised members of the bar that this practice must cease. *Id*. at 498, 692 N.E.2d at 574. Unlike the respondents in *Shane*, respondent knew that his solicitation letters violated DR 2-101(E)(1)(c) and *Shane*, but he continued to use them until relator commenced its investigation of a grievance filed by the Shures.

**{¶ 10}** Based on the foregoing, and despite the lack of evidence of any injury to clients and respondent's steps to cease future violations of Disciplinary Rules, we are persuaded that the board properly recommended a more severe

sanction than that imposed on the respondents in *Shane*. Therefore, we adopt the recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for six months, with the suspension stayed and respondent placed on probation for one year conditioned on his compliance with the Disciplinary Rules regarding solicitation and full cooperation with a mentor selected by relator, who shall inspect and ensure that all solicitation letters, advertisements, and Internet web pages of respondent comply with the Disciplinary Rules. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____