[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 330.]

COLUMBUS BAR ASSOCIATION *v.* HAMILTON.

[Cite as *Columbus Bar Assn. v. Hamilton*, 2000-Ohio-349.]

*Attorneys at law—Misconduct—Indefinite suspension—Misappropriation of client funds.*

(No. 99-2269—Submitted February 9, 2000—Decided March 29, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-34.

————————————

{¶ 1} From 1990 until November 1998, respondent, Charles E. Hamilton of Cleveland, Ohio, Attorney Registration No. 0016941, maintained a part-time private law practice while being employed by the Ohio Department of Taxation during the same period. In 1995, respondent filed an application in the Franklin County Court of Common Pleas, Probate Division, for an order designating Flora M. Moore as the guardian of the person and estate of her sister, Effie Stevison.

{¶ 2} In May 1997, after Stevison died, respondent filed an application on behalf of Moore to relieve the estate from administration. The probate court appointed respondent as the commissioner of the estate, and he filed findings valuing estate assets at $14,194.40 and valid claims against the estate of $10,379.47. The probate court approved respondent's findings and ordered respondent to file his report of distribution of estate assets by December 31, 1997.

{¶ 3} When respondent failed to file the distribution report by the specified date, he was ordered to appear before the court for a September 1998 hearing. From September 1997 through July 1998, respondent had withdrawn a total of $2,969 from the estate for his personal use. At the hearing, respondent admitted that he had converted these estate assets for his personal use and that he was unable to repay the estate and file a report of distribution of assets.

**{¶ 4}** In October 1998, the probate court found respondent guilty of contempt, removed him as commissioner of the estate, and ordered that he be incarcerated for seven days. The court also ordered respondent to make full restitution to the estate and to file a distribution report. By December 1998, respondent had served his sentence and fully complied with the probate court orders.

**{¶ 5}** On June 7, 1999, relator, Columbus Bar Association, filed a complaint charging respondent with violating numerous Disciplinary Rules. After respondent failed to file an answer, the matter was referred to a master commissioner under Gov.Bar R. V(6)(F)(2) on relator's motion for default judgment.

**{¶ 6}** The master commissioner found the facts as previously set forth and concluded that by his conduct, respondent violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving deceit or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects on attorney's fitness to practice law), and 7-101(A)(3) (prejudicing or damaging a client during the course of the professional relationship).

**{¶ 7}** The master commissioner recommended that respondent be indefinitely suspended from the practice of law in Ohio. The Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") adopted the findings, conclusions, and recommendation of the master commissioner.

———————————

*Melodee S. Kornacker, Pamela N. Maggied* and *Patricia K. Block*, for relator.

———————————

***Per Curiam.***

**{¶ 8}** We adopt the findings, conclusions, and recommendation of the board. Absent any mitigating factors, disbarment is the appropriate sanction for an attorney's misappropriation of client funds. *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899. Here, however, we accord weight to the board's recommendation of the lesser sanction of indefinite suspension based on the evidence of mitigation, *i.e.*, no continued pattern of misconduct, restitution, and full cooperation with the disciplinary investigation. See, *e.g., Disciplinary Counsel v. Lowrey* (1999), 85 Ohio St.3d 2, 4, 706 N.E.2d 758, 759; *Cleveland Bar Assn. v. Stebbins* (1999), 85 Ohio St.3d 7, 9, 706 N.E.2d 762, 763; see, also, *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 321, 720 N.E.2d 525, 530, fn. 1, and cases cited therein. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————