TOLEDO BAR ASSOCIATION *v.* KRAMER.

[Cite as *Toledo Bar Assn. v. Kramer* (2000), 89 Ohio St.3d 321.]

(No. 00–500—Submitted April 26, 2000—Decided July 12, 2000.)

322

*Gordon R. Barry* and *David G. Grude,* for relator.

*John C. Kramer, pro se.*

**Per Curiam.**  After review of the record, we adopt the findings, conclusions, and recommendation of the board.  In imposing a sanction, we must consider the duty violated, the attorney's mental state, the injury caused, and whether aggravating or mitigating factors exist.  See *Cuyahoga Cty. Bar Assn. v. Boychuk* (1997), 79 Ohio St.3d 93, 679 N.E.2d 1081.

Relator did prove by clear and convincing evidence that respondent had violated DR 1–102(A)(4), and 9–102(B)(3) and (4). However, at the time of the misconduct, respondent was seeing a counselor for depression due to his father's death. Respondent also settled the accounts of Vallongo's medical bills, showed remorse, and cooperated fully with the investigation.

Previously, we have stated that when an attorney has violated DR 1–102(A)(4), he will be actually suspended from the practice of law for an appropriate period of time. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240. Yet, we have made exceptions when the misconduct is an isolated incident and not a course of conduct in an otherwise unblemished legal career. *Disciplinary Counsel v. Eisenberg* (1998), 81 Ohio St.3d 295, 296, 690 N.E.2d 1282, 1283. In this case, we find respondent's conduct to be an isolated incident in his nineteen years of practice. Therefore, we agree with the board's recommendation. Respondent is hereby suspended from the practice of law for one year, with the entire year stayed, upon condition that respondent undergo treatment for depression by a psychologist/psychiatrist for the duration of the suspension. Failure to abide by this condition will subject respondent to a reinstatement of the stayed suspension. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.