[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 321.]

TOLEDO BAR ASSOCIATION *v*. KRAMER.

[Cite as *Toledo Bar Assn. v. Kramer*, 2000-Ohio-163.]

*Attorneys at law—Misconduct—One-year suspension with entire year stayed on condition—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Failing to maintain complete records of all funds, securities, and other properties of a client coming into lawyer's possession and render appropriate account to client—Failing to promptly pay or deliver to client, when requested, funds, securities, or other properties in lawyer's possession that client is entitled to receive.*

(No. 00-500—Submitted April 26, 2000—Decided July 12, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-20.

————————————

{¶ 1} On April 12, 1999, relator, Toledo Bar Association, filed a complaint charging respondent, John C. Kramer of Toledo, Ohio, Attorney Registration No. 0021366, with violating several Disciplinary Rules. Respondent filed an answer, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on December 20, 1999.

{¶ 2} The panel found that respondent began representing Samuel Vallongo in September or October 1996 in regard to an automobile collision. When respondent settled the action on behalf of Vallongo for $10,000, he deposited the settlement proceeds into his trust account on March 12, 1998, after deducting $1,951.25 for legal fees and expenses. That same day, respondent distributed $4,325.25 to Vallongo, assuring him that he would pay Vallongo's medical bills with the remainder of the settlement. Respondent's legal fee was not part of the remaining monies in the trust account.

**{¶ 3}** Respondent, however, did not pay Vallongo's medical bills until September 1998. During the months of March to May 1998, respondent withdrew $3,108.65 from the trust account for his personal use without Vallongo's knowledge or authority.

**{¶ 4}** The panel concluded that respondent's conduct violated DR 9-102(A) (all funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts), 9-102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the lawyer's possession and render appropriate accounts to clients), and 9-102(B)(4) (a lawyer shall promptly pay or deliver to a client, as requested by the client, the funds, securities, or other properties in the lawyer's possession that the client is entitled to receive). The panel, however, did not find that respondent had violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), as charged in the complaint.

**{¶ 5}** In mitigation, the panel found that in nineteen years of practice, respondent had never previously been charged with a violation of the Disciplinary Rules. Further, the panel found that at the time that he mishandled his client's funds, respondent was being treated for depression brought about by his father's death. Finally, the panel found that respondent replaced Vallango's funds and paid the medical bills in full by September 1998. Based on its findings and the mitigating factors, the panel recommended that respondent be publicly reprimanded.

**{¶ 6}** The board adopted the panel's findings of fact, but rejected the panel's conclusions of law and recommendation of sanction. The board concluded that respondent had violated DR 1-102(A)(4), as well as DR 9-102(B)(3) and (4). The board recommended that respondent be suspended from the practice of law for one

year with the entire year stayed, upon the condition that respondent continue to see a psychologist/psychiatrist during the term of the suspension.

———————————

*Gordon R. Barry* and *David G. Grude*, for relator.

*John C. Kramer, pro se*.

———————————

*Per Curiam.*

{¶ 7} After review of the record, we adopt the findings, conclusions, and recommendation of the board. In imposing a sanction, we must consider the duty violated, the attorney's mental state, the injury caused, and whether aggravating or mitigating factors exist. See *Cuyahoga Cty. Bar Assn. v. Boychuk* (1997), 79 Ohio St.3d 93, 679 N.E.2d 1081.

{¶ 8} Relator did prove by clear and convincing evidence that respondent had violated DR 1-102(A)(4), and 9-102(B)(3) and (4). However, at the time of the misconduct, respondent was seeing a counselor for depression due to his father's death. Respondent also settled the accounts of Vallongo's medical bills, showed remorse, and cooperated fully with the investigation.

{¶ 9} Previously, we have stated that when an attorney has violated DR 1-102(A)(4), he will be actually suspended from the practice of law for an appropriate period of time. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240. Yet, we have made exceptions when the misconduct is an isolated incident and not a course of conduct in an otherwise unblemished legal career. *Disciplinary Counsel v. Eisenberg* (1998), 81 Ohio St.3d 295, 296, 690 N.E.2d 1282, 1283. In this case, we find respondent's conduct to be an isolated incident in his nineteen years of practice. Therefore, we agree with the board's recommendation. Respondent is hereby suspended from the practice of law for one year, with the entire year stayed, upon condition that respondent undergo treatment for depression by a psychologist/psychiatrist for the duration of the suspension.

Failure to abide by this condition will subject respondent to a reinstatement of the stayed suspension.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————