[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 228.]

TOLEDO BAR ASSOCIATION *v.* KRAMER.

[Cite as *Toledo Bar Assn. v. Kramer*, 2002-Ohio-648.]

*Attorneys at law—Misconduct—Indefinite suspension—Pattern of chronic neglect.*

(No. 01-1583—Submitted October 16, 2001—Decided February 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 00-78 and 01-21.

———————————

*Per Curiam*.

{¶ 1} On May 25, 2001, relator, Toledo Bar Association, filed a first amended and consolidated complaint merging two previously filed disciplinary complaints against respondent, John C. Kramer of Toledo, Ohio, Attorney Registration No. 0021366. Respondent answered and admitted all of the allegations in each of the eight counts of the complaint. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 2} Based on testimony and stipulations received at a hearing on June 11, 2001, the panel found with respect to count one that in August 1998, Don D. Gregory employed respondent to represent him in a personal injury case. After June 1999, respondent did not communicate in any way with Gregory or advise him of the status of his claim. The panel concluded that respondent's abandonment of the client and the case violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), and 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment). Because respondent failed to cooperate in relator's attempt to investigate this matter, the panel also concluded that

respondent violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing).

{¶ 3} With respect to count two, the panel found that after Katherine Resch hired respondent in late December 1998 or early January 1999 to assist her in probating her sister's will, respondent opened the estate and thereafter ceased to communicate with Resch. When relator attempted to investigate the matter, respondent failed to cooperate. The panel concluded that this neglect and failure violated DR 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2), and Gov.Bar R. V(4)(G).

{¶ 4} Considering count three, the panel found that in March 1999, Colleen E. Cappelletty hired respondent to represent her in an adoption matter. In June 1999, respondent told Cappelletty that the adoption had been filed when, in fact, it had not been filed, and he thereafter failed to communicate with her. The panel concluded that this neglect and failure to communicate violated DR 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2). The panel also concluded that respondent's misrepresentation to the client that the case had been filed violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and that respondent's failure to cooperate in the ensuing investigation violated Gov.Bar R. V(4)(G).

{¶ 5} The facts pertinent to count four, as found by the panel, were that after Wilfredo Hinojosa hired respondent in April 1999, respondent failed to communicate with him until July 1999, when respondent said that he had lost Hinojosa's file. The panel concluded that respondent's conduct and his lack of cooperation in relator's investigation violated DR 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2), and Gov.Bar R. V(4)(G).

{¶ 6} Count five involved similar nonfeasance. The panel found that after Lisa Peneff hired respondent and paid him a $250 retainer, respondent failed to communicate with her, took no action in the case, and did not return the retainer when requested. The panel concluded that this conduct and respondent's repeated

disregard of relator's attempts to investigate violated DR 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2), and Gov.Bar R. V(4)(G).

{¶ 7} As the panel found in count six, respondent was engaged by Julie and Steve Mason to represent them in both a divorce and custody case and in an auto accident matter. After retaining respondent, the Masons were unable to contact him. The panel concluded that respondent's inaction violated DR 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2), and his failure to work with relator in its investigation violated Gov.Bar R. V(4)(G).

{¶ 8} The panel further found in count seven that William E. Wynkoop retained respondent to represent him in a domestic relations matter, but respondent failed to appear on Wynkoop's behalf at a contempt hearing. As a result, Wynkoop's ex-wife obtained a default judgment against him of over $40,000. In the ensuing months respondent did not return over twenty telephone calls from Wynkoop. Again the panel concluded that respondent's failure to act violated DR 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2).

{¶ 9} Finally, the panel found that in 1999, respondent entered into a contingent fee arrangement to represent Deborah S. Jastal in a personal injury matter. When her insurance company informed Jastal that the statute of limitations was about to expire, she told respondent. Respondent then falsely told her that he had already filed a complaint on her behalf, and he also sent her a copy of the purportedly filed document. Jastal was unable to contact respondent until, in February 2001, he replied to one of her calls and told her that he had a settlement offer of $7,200, which he thought should be rejected. The panel concluded that respondent's false statements and neglect violated DR 1-102(A)(4), 6-101(A)(3), and 7-101(A)(2).

{¶ 10} The panel noted that in *Toledo Bar Assn. v. Kramer* (2000), 89 Ohio St.3d 321, 731 N.E.2d 643, we suspended respondent from the practice of law for one year with the entire year stayed provided that respondent undergo treatment for

depression. However, respondent had seen his psychologist only three times since July 2000. At the hearing the panel received mitigation testimony regarding respondent's competence as an attorney. In addition, it noted that respondent was remorseful and that he had stepped down from the practice of law one month prior to the hearing. Nevertheless, the panel recommended that respondent be indefinitely suspended from the practice of law in Ohio and not readmitted without showing that he possesses the personal, professional, and mental qualifications to return to the practice.

{¶ 11} The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 12} We have reviewed the record. Respondent's pattern of neglect is chronic and not an isolated instance of behavior unlikely to be repeated. On the contrary, respondent poses a danger to the public and his actions reflect poorly on the bar in general. Therefore, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio, and he shall not be readmitted to practice without a clear and convincing showing that he possesses the personal and mental qualifications to resume his practice in a professional manner. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan B. Cherry, Gordon R. Barry* and *David G. Grude,* for relator Toledo Bar Association.

*Jeffrey B. Keller,* for respondent.

_____