[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 129.]

OFFICE OF DISCIPLINARY COUNSEL *v*. HENDERSON.

[Cite as *Disciplinary Counsel v. Henderson*, 2002-Ohio-1756.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Concealing or knowingly failing to disclose that which attorney is required by law to reveal while representing a client—Knowingly making a false statement of law or fact—Using letterhead implying partnership with another attorney.*

(No. 2001-1650—Submitted January 9, 2002—Decided May 1, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-31.

————————————

**Per Curiam**.

{¶1} On September 27, 2000, relator, Office of Disciplinary Counsel, filed a four-count amended complaint charging that respondent, Ronald R. Henderson of Toledo, Ohio, Attorney Registration No. 0023880, violated several provisions of the Code of Professional Responsibility, primarily relating to his representation of Kyle and Katia Kisseberth from 1994 through 1999. Respondent answered, and on November 6, 2000, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶2} The parties stipulated that in 1993, Kyle and Katia Kisseberth filed a lawsuit against Eagle American Insurance, which had refused to pay a claim made by the Kisseberths for the destruction of their jewelry store by fire. Martin Mohler of Toledo and Robert Rutter of Cleveland represented the Kisseberths in the case.

After the jury found for Eagle American in March 1994, the Kisseberths met with respondent, who shared office space with Attorney Mohler, to discuss filing for bankruptcy protection. Respondent and Mohler were not partners, but their letterhead read, "Law Offices [of] Mohler, Bingle & Henderson."

{¶3} The Kisseberths agreed to pay respondent a retainer of $1,500 plus $100 per hour for the bankruptcy. In the meantime, in April 1994, the Kisseberths appealed the trial court's decision in favor of Eagle American. Three persons, Bonnie Kisseberth, Kyle's mother, Christine Heatherly, his grandmother, and Nina Mull, a relative of Katia, advanced $4,500, $700, and $996, respectively, to pay for the transcript in the case. The money was given to respondent, and he used it to pay for the transcript.

{¶4} In May 1994, respondent filed the bankruptcy petition for the Kisseberths in the United States Bankruptcy Court for the Northern District of Ohio, Western Division. With the bankruptcy petition, respondent, as bankrupts' counsel, filed the compensation statement required by Fed.R.Bankr.P. 2016(b). In that statement, respondent represented that his fee to the Kisseberths was $1,500 plus $100 an hour, that he had so far received only $1,500, and that a source of other compensation would be "payment by relatives."

{¶5} In February 1995, the bankruptcy trustee appointed Rutter and Mohler as appellate counsel in the appeal against Eagle American. In July 1995, the appeal was settled and in November 1995, Eagle American paid $45,000 to the bankruptcy trustee. Rutter, as court-appointed appellate counsel, applied to the bankruptcy court for compensation, and the trustee paid him an amount that included reimbursement for the cost of the trial transcript.

{¶6} Rutter then sent respondent $7,619.03 to cover the charges for the transcript, UPS fees, and $1,575.96 in court costs. Respondent paid half the court costs and applied the balance to the $15,100 in fees that he said the Kisseberths owed him for the bankruptcy and several other matters. Those matters included

representation in the bankruptcy, services rendered in collection actions for the Kisseberths, services rendered in a subrogation suit against the Kisseberths by State Farm Insurance, services rendered in a matter involving Mid American Bank, and services in the Eagle American case. There was no issue as to whether respondent rendered the services.

{¶7} When the bankruptcy case was closed in August 1996, respondent had been paid $11,887 of the $15,100 that he claimed was owed, in December 1997, he filed a collection suit in Lucas County against the Kisseberths for the balance.

{¶8} The Kisseberths hired attorney Elliot Feit, who, in September 1998, filed a motion to reopen the bankruptcy case. The motion was granted, and the case was reopened. Respondent then filed an application for fees in the bankruptcy court, and the Kisseberths filed a motion to require respondent to disgorge fees. Respondent's collection action was removed to the bankruptcy court.

{¶9} After a hearing, Chief Bankruptcy Judge Richard L. Speer disallowed $12,812.02 of respondent's claim for fees, awarded him $2,287.98 as fees for the bankruptcy, ordered him to disgorge $9,600 in attorney fees, and dismissed his collection claim against the Kisseberths. On appeal, the United States District Court affirmed the order of the bankruptcy court.

{¶10} The panel concluded that with respect to Count I of the complaint (failure to reimburse his client's relatives for the cost of the trial transcript), respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), and 7-102(A)(3) (in representing a client, a lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal). With respect to Count II, the panel found that relator had not proved by clear and convincing evidence that respondent had charged a clearly excessive fee.

The panel further concluded that clear and convincing evidence established the charge in Count III, that respondent had misrepresented to the bankruptcy court the amount of fees he intended to charge the Kisseberths, and thus respondent violated DR 7-102(A)(3) and 7-102(A)(5) (in representing a client, a lawyer shall not knowingly make a false statement of law or fact). The panel finally concluded with respect to Count IV that respondent's use of a letterhead that implied that he was a partner with Mohler violated DR 2-102(B) (a lawyer shall not practice under a name that is misleading or a firm name containing names other than those of one or more lawyers in the firm except as otherwise provided) and 2-102(C) (a lawyer shall not hold himself out as being in partnership with other lawyers unless they are in fact partners).

{¶11} The panel found in mitigation that respondent was a well-respected attorney and had no prior disciplinary offenses. It recommended that respondent be suspended from the practice of law for one year with six months stayed. The board adopted the findings, conclusions and recommendation of the panel.

{¶12} On review of the record, we adopt the findings and conclusions but not the recommendation of the board. There is no indication in the record that anyone disputes that respondent expended the hours he claims to have worked. The record also indicates that while the bankruptcy court ordered respondent to disgorge some of his fees, it found that respondent did not affirmatively act to conceal his fees. Since this was a first violation, respondent is suspended from the practice of law for six months with the entire six months stayed. Costs are taxed to respondent.

Judgment accordingly.

DOUGLAS, LAZARUS, F.E. SWEENEY and PFEIFER, JJ., concur.

LUNDBERG STRATTON, J., concurs in judgment.

MOYER, C.J., and COOK, J., dissent.

CYNTHIA A. LAZARUS, J., of the Tenth Appellate District, sitting for RESNICK, J.

4

---

**COOK, J., dissenting.**

{¶13} The majority's imposition of a six-month suspension with the six months stayed insufficiently sanctions respondent for his misconduct. I would adopt the sanction recommended by both the panel and the board and would suspend respondent for one year with six months stayed.

MOYER, C.J., concurs in the foregoing dissenting opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Dianna M. Anelli, Assistant Disciplinary Counsel, for relator.

James D. Caruso, for respondent.

---