CLEVELAND BAR ASSOCIATION *v.* COX.

[Cite as *Cleveland Bar Assn. v. Cox,*
98 Ohio St.3d 420, 2003-Ohio-1553.]

(No. 2002–2179—Submitted February 12, 2003—Decided April 9, 2003.)

---

**Per Curiam.**

{¶ 1} In 1996, a client retained respondent, Duane E. Cox of Cleveland, Ohio, Attorney Registration No. 0002250, to represent him for claims arising out of an automobile accident. In 1997, after the client rejected a settlement offer by the defendant's insurance company, respondent filed a complaint on behalf of the client in the Cleveland Municipal Court.

{¶ 2} In 1998, following the filing of a motion for change of venue by the defendant in the municipal court case, respondent gave the file to another attorney to take over the case. The new attorney sent a letter to the client advising him that the attorney would be assisting respondent in handling the case.

{¶ 3} In January 1999, the client notified respondent that he was discharging him as his attorney because of respondent's delay in resolving his claim. In February 1999, the client filed a grievance against respondent with relator, Cleveland Bar Association.

{¶ 4} In February 2000, the new attorney dismissed the municipal court case without prejudice and returned the client's file to respondent. Respondent did not notify the client about the dismissal, although he made several unsuccessful attempts to contact the client to discuss the case.

{¶ 5} Relator investigated the client's grievance and after an inquiry by relator's grievance committee, respondent returned the file to the client in March 2001. When relator subsequently learned of the dismissal of the municipal court

case, a member of relator's grievance committee asked respondent whether he knew the attorney who had dismissed it. Respondent told the committee member that he did not know the attorney. The committee member thereafter called respondent back and confronted him with a copy of the dismissal entry with the attorney's name on it. Respondent then admitted that he knew the attorney and that the attorney occasionally handled cases for him.

{¶ 6} On December 10, 2001, relator filed a complaint charging respondent with having violated several Disciplinary Rules. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on the parties' pleadings, testimony, and exhibits. The panel found the facts as previously set forth and concluded that respondent had violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) by initially lying to relator about knowing the attorney who had dismissed the client's municipal court case and by not specifically notifying his client about the dismissal. In mitigation, the panel found that respondent had no prior disciplinary record in 23 years of practice and that he had no selfish motive in this matter. The panel recommended that respondent be suspended from the practice of law in Ohio for six months, with the entire suspension stayed.

{¶ 7} The board adopted the findings of the panel but recommended that respondent be publicly reprimanded "based on the entire record and the limited harm suffered." The board further recommended that the costs of the proceeding be taxed to respondent.

{¶ 8} We adopt the findings, conclusions, and recommendations of the board. Although an actual suspension from the practice of law is the general sanction when an attorney has violated DR 1–102(A)(4), a lesser sanction is appropriate "when the misconduct is an isolated incident and not a course of conduct in an otherwise unblemished legal career." *Toledo Bar Assn. v. Kramer* (2000), 89 Ohio St.3d 321, 323, 731 N.E.2d 643. Given the isolated nature of respondent's misconduct and the limited harm attributable to the misconduct, a public reprimand is appropriate. Cf., e.g., *Cincinnati Bar Assn. v. Lange* (1991), 57 Ohio St.3d 43, 564 N.E.2d 1069. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and O'CONNOR, J., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 9} I would suspend respondent for six months and stay the entire suspension.

O'CONNOR, J., concurs in the foregoing dissenting opinion.

---

Michael M. Hughes and Ann Zimmerman, for relator.
Michael Drain, for respondent.