AKRON BAR ASSOCIATION *v.* GOODLET.

[Cite as *Akron Bar Assn. v. Goodlet,*
99 Ohio St.3d 355, 2003-Ohio-3935.]

(No. 2003–0698—Submitted June 4, 2003—Decided August 6, 2003.)

**Per Curiam.**

{¶ 1} On April 8, 2002, relator, Akron Bar Association, filed a two-count complaint against respondent, C. William Goodlet of Akron, Ohio, Attorney Registration No. 0029035. In Count I, respondent was charged with several violations of the Code of Professional Responsibility, and in Count II, respondent was charged with a violation of Gov.Bar R. V(4)(G) for failing to cooperate with relator's investigation. The respondent answered and admitted each allegation.

{¶ 2} On March 24, 2003, a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing. At the hearing, the parties stipulated to the facts and disciplinary violations and jointly recommended a sanction. Additionally, Dr. Nancy J. Keogh, a psychologist, and respondent testified.

{¶ 3} As to Count I, the stipulations and evidence established that respondent, admitted to the practice of law in Ohio in 1975, filed a personal-injury complaint in common pleas court on behalf of a client in January 1997. In January 1999, respondent voluntarily dismissed that lawsuit without the client's consent or permission. In fact, his client was unaware of the dismissal, but respondent assured her that the case was progressing. Because respondent had dismissed and had not timely refiled his client's case, the tortfeasor's insurance company, based on the statute of limitations, denied any liability.

{¶ 4} After respondent's client was involved in another accident, she again retained respondent, who filed suit in her behalf on the second claim. Again, respondent dismissed the second case without notice to his client.

{¶ 5} As to Count II, respondent admitted in his answer that he did not communicate with or cooperate with relator during the investigation of the allegations of Count I.

{¶ 6} The parties stipulated and the panel agreed that respondent's conduct violated DR 6–101(A)(3) (neglect of an entrusted legal matter), 7–101(A)(2) (failing to carry out a contract of employment), 7–101(A)(3) (prejudicing or damaging a client during the course of the professional relationship), 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).[1]

{¶ 7} In mitigation, the panel considered the testimony of respondent and Dr. Keogh, which established that since 1999, respondent had suffered severe, untreated depression. According to Dr. Keogh, various factors, including the breakup of a long-standing romantic relationship, respondent's loss of employment as an assistant county prosecutor, and a foreclosure on his home, served to trigger respondent's severe "major depressive disorder." After losing another job in February 2003, respondent finally sought treatment with Dr. Keogh in March 2003. Dr. Keogh concluded that respondent's severe depression is very treatable, with a considerable chance of a successful recovery provided that respondent complies with treatment recommendations.

{¶ 8} The panel found that respondent "testified freely and candidly. He admitted his misconduct and recognized his serious condition and need for treatment. * * * He is committed to all of the treatment recommended and wants to continue to practice law competently." According to the panel, "Relator's position was that with treatment and a period of supervision Respondent could competently continue the practice of law."

{¶ 9} In recommending a sanction, the panel considered as an aggravating factor that respondent had been disciplined once before, although it was 21 years ago. *Akron Bar Assn. v. Goodlet* (1982), 70 Ohio St.2d 140, 24 O.O.3d 243, 435 N.E.2d 1116 (respondent suspended for one year for mishandling estate funds). In mitigation, the panel found no dishonest or selfish motive in respondent's conduct. Further, respondent freely and fully admitted his misconduct, is committed to making restitution to his client, and has cooperated fully in the proceedings before the board.

{¶ 10} Consistent with the recommendation of relator and respondent, the panel recommended that respondent be suspended from the practice of law for one year but that the suspension be stayed on the following conditions:

---

1. Although the parties stipulated to a violation of DR 1–102(A)(1) (violating a Disciplinary Rule), both the panel and board noted, "The panel does not find a violation of DR 1–102(A)(1)."

{¶ 11} 1. Respondent shall seek psychological and/or psychiatric evaluations and follow all treatment recommendations and shall provide periodic reports to the relator regarding his compliance and progress in treatment during the year that the suspension is stayed;

{¶ 12} 2. Respondent shall obtain alcohol and/or substance abuse evaluations, shall follow all recommendations for treatment, and shall provide relator with a copy of the evaluation and provide periodic reports to the relator on compliance and progress with any treatment recommended during the year of stayed suspension;

{¶ 13} 3. Respondent shall be monitored in his legal practice by a representative of relator during the year of stayed suspension;

{¶ 14} 4. Respondent shall make restitution to his client before the completion of the stayed suspension; and

{¶ 15} 5. Respondent shall, during the period of suspension, either maintain malpractice liability insurance coverage or accept only cases in which he has a cocounsel who is the attorney of record and maintains malpractice liability insurance coverage.

{¶ 16} The board adopted the panel's findings of fact, conclusions of law, and recommended sanction that respondent be suspended from the practice of law for one year, with the entire suspension stayed on the conditions outlined in the panel report. The board further recommended that the costs of the proceedings be taxed to respondent.

{¶ 17} We adopt the findings and conclusions of the board. We further find that the sanction recommended by the parties, the panel, and the board, a one-year suspension that is stayed on conditions, is appropriate. See, e.g., *Darke Cty. Bar Assn. v. Brumbaugh* (2000), 90 Ohio St.3d 248, 737 N.E.2d 27 (two-year suspension for neglect stayed on conditions including treatment for depression); *Toledo Bar Assn. v. Kramer* (2000), 89 Ohio St.3d 321, 731 N.E.2d 643 (one-year suspension stayed on conditions including treatment for depression). Relator, as well as the panel and the board, concluded that respondent, on the basis of his record, could continue to practice law competently and should be permitted to do so. Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions set forth above. If respondent fails to meet these conditions, the stay of his suspension shall be lifted, and respondent shall serve the sanction of one year of actual suspension from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

O'CONNOR, J., not participating.

---

Thomas T. Mullen and Al Schrader, for relator.

Charles E. Grisi, for respondent.