DISCIPLINARY COUNSEL *v.* CUCKLER.

[Cite as *Disciplinary Counsel v. Cuckler,*
101 Ohio St.3d 318, 2004-Ohio-784.]

(No. 2003–1513—Submitted December 1, 2003—Decided March 10, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Steven R. Cuckler, Attorney Registration No. 0074611, with a business address of Columbus, Ohio, was admitted to the Ohio bar on May 20, 2002. On April 14, 2003, relator, Disciplinary Counsel, charged respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement, which included stipulated facts, stipulated violations of the Disciplinary Rules, and a stipulated recommended sanction. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline.

{¶ 2} According to the parties, respondent graduated from Capital University Law School in May 2000. He subsequently took but did not pass the July 2000 Ohio bar examination. In October 2000, respondent accepted employment as a legislative aide to Larry Householder, a member of the Ohio House of Representatives, who would soon become Speaker of the House. In January 2001, after Householder assumed this new office, respondent was promoted and given the title Deputy Chief Legal Counsel. Respondent was not yet a licensed attorney.

{¶ 3} After his promotion, respondent identified himself using business cards provided by his employer on which the title Majority Deputy Legal Counsel appeared without any disclaimer that he was not licensed to practice law. He signed correspondence and other documents as Deputy Chief Legal Counsel without indicating his unlicensed status. The parties agree that notwithstanding

his title, respondent actually performed as a legislative aide or law clerk under the supervision of a licensed attorney, the Chief Legal Counsel.

{¶ 4} In February 2001, respondent took but again did not pass the Ohio bar examination. On November 1, 2001, respondent applied to take the bar examination for a third time. When asked in his application to describe his past and present employment, respondent listed his employment since January 2001 as an "aide" to the Speaker of the House, without specifying his formal title.

{¶ 5} In February 2002, respondent took and passed the Ohio bar examination. After his admission on May 20, 2002, respondent continued in his employment as the Deputy Chief Legal Counsel.

{¶ 6} On June 10, 2002, respondent applied for a vacant city council seat in Delaware, Ohio, sending a cover letter and resume he had prepared specifically for that position. His resume related that he had previously worked as a law clerk for the Ohio Auditor of State's Office and a private law firm and that, from October 2000 to December 2000, he had served as a legislative aide in the Ohio House of Representatives. Respondent described his duties as "Deputy Chief Legal Counsel (January 2001—Present)" this way: "Assist Speaker and 59–member Republican Caucus on all legal and policy issues. Including but not limited to criminal and juvenile justice, ethics, tort reform, political subdivisions, commercial law, budgetary and Ohio Constitutional matters." However, he did not reveal in his resume that he had been licensed to practice law only since May 20, 2002.

{¶ 7} Respondent acknowledged and the parties jointly submitted that he had misrepresented his status as a licensed attorney prior to obtaining his license to practice law and that he had thereby violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1–102(A)(6) (engaging in conduct adversely reflecting on an attorney's fitness to practice law). Pursuant to Sections 10 and 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline, the parties also stipulated to mitigating factors for the panel's consideration. According to the stipulations, respondent has no prior disciplinary record, has cooperated fully in the disciplinary proceedings, and has distinguished himself in his educational pursuits and by his public service. In addition, the parties stipulated that respondent did not engage in the unauthorized practice of law because, as Deputy Chief Legal Counsel, he "performed non-attorney matters and/or was under the direct supervision of * * * a licensed attorney."

{¶ 8} The parties stipulated that a public reprimand was the appropriate sanction for respondent's misconduct. The panel recommended acceptance of the consent-to-discipline agreement and consequently found the agreed-upon miscon-

duct and adopted the recommendation that respondent receive a public reprimand. The board accepted the consent-to-discipline agreement, finding the cited misconduct and recommending a public reprimand.

{¶ 9} Based on the consent-to-discipline agreement, we find that respondent violated DR 1–102(A)(4) and (6). We also find that a public reprimand is the appropriate sanction for this misconduct.

{¶ 10} When an attorney engages in a course of conduct that violates DR 1–102(A)(4), we will ordinarily suspend the attorney's license to practice law for an appropriate period of time. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, syllabus. In that case, an attorney was suspended for six months for lying repeatedly to a client in an effort to conceal his neglect of the client's case. However, because some violations of this Disciplinary Rule are more egregious than others, a lesser sanction may be justified where little or no harm resulted from the DR 1–102(A)(4) violation or where the violation represented an isolated incident in the attorney's career. *Cleveland Bar Assn. v. Cox*, 98 Ohio St.3d 420, 2003-Ohio-1553, 786 N.E.2d 454 (attorney publicly reprimanded for falsely denying his knowledge of certain information during a disciplinary investigation). An abundance of mitigating evidence may also warrant our lenience. *Disciplinary Counsel v. Markijohn*, 99 Ohio St.3d 489, 2003-Ohio-4129, 794 N.E.2d 24 (six-month suspension, all stayed, was warranted for attorney's violation of DR 1–102[A][4] after taking into account his expressed remorse, lack of a prior disciplinary record, restitution, report of his own misconduct, personal difficulties, and established professional competence and integrity apart from the misconduct).

{¶ 11} Persons not admitted to the Ohio bar may not refer to themselves as "counsel" for the purpose of their employment in this state unless they provide appropriate notice of any jurisdictional limitations. *In re Application of Stage* (1998), 81 Ohio St.3d 554, 692 N.E.2d 993. Respondent concedes that his use of the titles Majority Deputy Chief Counsel and Deputy Chief Legal Counsel deceived the public by misrepresenting his professional qualifications, precisely the conduct that *In re Application of Stage* addressed. Our disposition depends, however, on the impact of his misconduct and the mitigating features of his case.

{¶ 12} Upon review, we find no evidence in the record that anyone relied on respondent's misrepresentations to their detriment. First, the Chief Legal Counsel, who, along with respondent's other superiors, knew of his unsuccessful attempts to pass the bar, oversaw respondent's work. Thus, to the extent that respondent may have provided some legal opinions, as compared to his having consulted on legislative policy issues, his services were adequately supervised prior to his admission to the bar. Moreover, we are confident that, despite what the title Deputy Chief Legal Counsel implies, respondent served in this capacity

primarily as a legislative aide to the Speaker, a fact that is consistent with his having referred to his position on his bar application as the Speaker's "aide."

{¶ 13} Second, respondent was ultimately appointed to fill a vacancy on the Delaware City Council; however, nothing in the record suggests that his selection was influenced by respondent's failure to report on his resume the date that he was admitted to the bar. To the contrary, respondent recalled that at one of his interviews, a councilman had asked him how long he had been practicing law, and respondent had told him the date that he had passed the bar. After that disclosure, respondent represents that his interviewers inquired only as to his experience in government, focusing on his understanding of the budgetary process and public policy. From this, we conclude that the omission on his resume had no effect.

{¶ 14} The mitigating features of respondent's case also justify our departure from *Fowerbaugh*. Respondent was only 26 years old when he began to work for the Ohio House of Representatives. He expressed his remorse and contrition with conviction. Finally, public officials, including the Mayor of Delaware, university professors, and attorneys for whom respondent has worked, have expressed their confidence in respondent's integrity, lending even more weight to respondent's assurance that he will hereafter comply with the Code of Professional Responsibility.

{¶ 15} Based on the mitigating evidence and the limited harm caused by respondent's misconduct, a public reprimand is the commensurate sanction. Accordingly, respondent is hereby publicly reprimanded for having violated DR 1–102(A)(4) and (6). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger Jr., Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, L.P.A., and Geoffrey Stern, for respondent.