CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* THOMAS.

[Cite as *Cleveland Metro. Bar Assn. v. Thomas,*

125 Ohio St.3d 24, 2010-Ohio-1031.]

*Attorney misconduct, including failing to act with reasonable diligence and to keep client informed about the status of a legal matter and knowingly making or failing to correct a false statement of fact to a tribunal — Six-month suspension stayed on conditions.*

(No. 2009-1961 — Submitted December 16, 2009 — Decided March 24, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-007.

_____

**Per Curiam**.

{¶ 1} Respondent, Sam Thomas III of Cleveland, Ohio, Attorney Registration No. 0067848, was admitted to the practice of law in Ohio in 1997.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends suspending respondent from the practice of law for a period of six months, with the suspension conditionally stayed. The recommendation derives from respondent's conduct in a client's bankruptcy case and his conduct in a second client's personal-injury case. We accept the board's findings and conclusions that respondent committed the charged professional misconduct, and we adopt the recommended sanction.

{¶ 3} Relator, Cleveland Metropolitan Bar Association, charged respondent with violating Prof.Cond.R. 3.3(a)(1) (knowingly making, or failing to correct, a false statement of fact to a tribunal) for conduct while representing his client in the bankruptcy. In regard to the personal-injury case, relator charged respondent with violating Prof.Cond.R. 1.3 (failure to act with reasonable

diligence and promptness in representing a client), Prof.Cond.R. 1.4(a)(1) (failure to promptly inform the client of a decision or circumstance when the client's informed consent is required), and Prof.Cond.R. 1.4(a)(3) (failure to keep the client reasonably informed about the status of a legal matter).

{¶ 4} A panel of board members heard the case and issued findings of fact and conclusions of law. The panel found clear and convincing evidence that respondent violated the rules as charged. The panel recommended that respondent be suspended for six months, all stayed provided he commit no further misconduct during the suspension period and provide restitution to his bankruptcy client in the amount of $126. The board adopted the findings, conclusions, and recommendations of the panel.

{¶ 5} The parties do not object to the board report.

**Misconduct**

*The Bankruptcy Cases*

{¶ 6} Respondent was hired to represent a client in a Chapter 13 bankruptcy. When respondent filed the bankruptcy petition, he did not file a rights-and-responsibilities form that was required by the bankruptcy court to be signed by both the debtor and the debtor's attorney. The form designates the rights and responsibilities of the debtor and the duties of the attorney; without the form, counsel fees are allowed only upon application to the bankruptcy court or pursuant to a written agreement between the debtor and the attorney that clearly delineates the basis of the fees.

{¶ 7} The client paid respondent $500 to file the bankruptcy, $126 of which was retained by respondent for his fee. The bankruptcy case was later dismissed because the client did not follow the payment plan; the client was to pay $600 each month to fund the plan but paid only $300.

{¶ 8} The respondent filed a second bankruptcy petition for the same client. He was paid $200 to file the petition; this time, he did file a signed rights-

and-responsibilities form. The client contacted the Chapter 13 bankruptcy trustee's office to seek the refund of the $300 payment in the first bankruptcy. The client was initially informed that the trustee had filed a motion to compel respondent to disgorge his fees because he had not filed the rights-and-responsibilities form in the first case. In a later conversation, she was told that respondent had filed the required form in response to the motion to disgorge fees, thus allowing respondent to collect the $300 from the first filing as fees.

{¶ 9} In response to the motion to disgorge fees, however, respondent's staff had simply filed a duplicate copy of the rights-and-responsibilities form from the second bankruptcy, changing the dollar amount and case number. After this discovery, respondent was not awarded his attorney fees from the first bankruptcy filing, and the refund from that first filing was returned to the client. Respondent admitted at the panel's hearing that he had not returned the $126 fee he had collected in the first filing and that the fee should be disgorged because the rights-and-responsibilities form had not been filed.

*The Personal-Injury Case*

{¶ 10} Another client hired respondent to represent her in a personal-injury case. After the client rejected a settlement offer of $1,981, respondent filed a lawsuit for the client. Respondent then communicated to the client that the defendant's insurance carrier had offered $6,000 to resolve the claim. Respondent's client accepted the settlement offer of $6,000; Respondent contacted the insurance adjuster to confirm the settlement but was informed that the company's offer was for only $3,000. When respondent informed the client of his mistake, she informed him that she would settle only for $6,000. She later sent respondent a letter stating, "I do not wish to go to trial for this case so do what you need to do to resolve and finalize." The board concluded that respondent believed this letter gave him authority to settle, so he accepted a settlement offer for $3,000.

**{¶ 11}** Respondent sent the $3,000 check and release to the client, but she refused to sign the release and did not negotiate the check. Respondent did not withdraw from the case but failed to appear at the final pretrial conference and at the trial. The case was dismissed without prejudice, a fact respondent did not timely reveal to the client. Respondent's motion to vacate the judgment of dismissal and his motion to reinstate the case were denied. The client was not advised of the denial of the motions. Months after the case was initially dismissed, the counsel representing the respondent in this disciplinary action notified the client that her case had been dismissed and that if she wished, she could refile it within the pertinent statute-of-limitations period.

**Sanction**

**{¶ 12}** When imposing sanctions for attorney misconduct, we consider relevant facts, including the ethical duties that the lawyer violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

**{¶ 13}** The board found that factors in mitigation of respondent's conduct included his lack of a prior disciplinary record, BCGD Proc.Reg. (10)(B)(2)(a), and his full cooperation in the disciplinary proceedings, BCGD Proc.Reg. (10)(B)(2)(d). The board found that there were no aggravating factors: the board made no finding that respondent had acted with a selfish motive, BCGD Proc.Reg. (10)(B)(1)(b), and he took responsibility for his actions and those of his

staff, see BCGD Proc.Reg. (10)(B)(1)(g). The board also found that respondent had informed the personal-injury client of the procedure to refile her case. BCGD Proc.Reg. (10)(B)(1)(h).

{¶ 14} The board considered two cases in making its recommendation, *Disciplinary Counsel v. Henderson*, 95 Ohio St.3d 129, 2002-Ohio-1756, 766 N.E.2d 590 (considering attorney's lack of prior disciplinary record, the court imposed six-month suspension, all stayed, for failure to fully disclose to a bankruptcy court the total fees charged), and *Cleveland Bar Assn. v. Cox.*, 98 Ohio St.3d 420, 2003-Ohio-1553, 786 N.E.2d 454 (court imposed a public reprimand instead of a suspension for an attorney's failure to notify a client of a case's dismissal because of the limited harm to the client and the isolated nature of the incident). Having considered these cases and the mitigating factors, albeit weak, we agree that the recommended sanction is appropriate.

{¶ 15} Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the conditions that he commit no further misconduct during the stayed suspension period and that he pay, within 30 days of this order, $126 in restitution to his bankruptcy client. If respondent violates these conditions, the stay will be lifted, and respondent will serve the six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Edward H. Blakemore and Heather M. Zirke, for relator.

Koblentz & Koblentz, Richard S. Koblentz, and Bryan L. Penvose, for respondent.

_____