CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. SHERMAN.

[Cite as *Cleveland Metro. Bar Assn. v. Sherman*,

**126 Ohio St.3d 20, 2010-Ohio-2469.]**

*Attorneys — Failure to act with reasonable diligence to keep a client informed about the status of a legal matter or to inform a client that he did not maintain professional-liability insurance — Nine-month suspension stayed on condition.*

(No. 2010-0254 — Submitted February 24, 2010 — Decided June 9, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-066.

_____

**Per Curiam**.

{¶ 1} Respondent, David C. Sherman of Westlake, Ohio, Attorney Registration No. 0031000, was admitted to the practice of law in Ohio in 1972. On August 17, 2009, relator, Cleveland Metropolitan Bar Association, charged respondent with multiple violations of the Rules of Professional Conduct. A panel of the Board of Commissioners on Grievance and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 2} The Board of Commissioners on Grievances and Discipline adopted the agreement of the parties, including the stipulated facts, violations, and sanction. Based upon findings that respondent violated Prof.Cond.R. 1.2(a), 1.3, 1.4(A)(3), and 1.4(c), the board recommends that we impose a nine-month suspension, all stayed. We accept the findings that respondent violated the ethical

standards incumbent on Ohio lawyers and agree that a nine-month suspension, all stayed, is appropriate.

## Misconduct

{¶ 3} The stipulated facts of this case show that in January 2007, respondent agreed to represent a client in a personal-injury matter arising from a February 2005 automobile accident. Respondent filed a complaint on the client's behalf in January 2007. With the court's permission, he did not appear at a case-management conference because he was recovering from surgery. In November 2007, believing that it was in his client's best interest, respondent voluntarily dismissed the client's case. But he did so without notifying the client or obtaining her consent.

{¶ 4} The parties stipulate that respondent's conduct violated Prof.Cond.R. 1.2(a) (requiring a lawyer to abide by the client's decisions concerning the objectives of representation and to consult with the client as to means by which they are to be pursued), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), and 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter).

{¶ 5} Additionally, in May 2007, respondent mistakenly failed to inform a second client that he did not maintain professional-liability insurance. The parties stipulate that respondent's conduct in this matter violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance).

## Sanction

{¶ 6} In accepting the stipulated sanction, the panel and board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. Consistent with the parties' stipulations, the panel found the following mitigating factors: (1) respondent has no prior disciplinary record, (2) respondent has not acted with a dishonest or selfish motive, (3) respondent provided full and free

disclosure during relator's investigation and has displayed a cooperative attitude toward the disciplinary proceedings, (4) during the relevant time period, respondent was temporarily disabled as a result of two major surgeries. BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). There was no evidence of any aggravating factors. See BCGD Proc.Reg. 10(B)(1).

{¶ 7} Both the panel and the board accepted the parties' consent-to-discipline agreement, including the finding of misconduct and recommended sanction. We accept the findings of misconduct and agree that a nine-month suspension, all stayed, is the appropriate sanction.

{¶ 8} The recommended sanction is consistent with sanctions imposed in other cases. In *Cuyahoga Cty. Bar Assn. v. Drain*, 120 Ohio St.3d 288, 2008-Ohio-6141, 898 N.E.2d 580, we imposed a six-month stayed suspension for a lawyer who neglected a client's case, failed to inform the client that he had dismissed and refiled her case, and failed to inform the client that he had canceled his malpractice insurance. We also imposed a six-month stayed suspension for a lawyer who violated Prof.Cond.R. 1.3, 1.4(a)(1), 1.4(a)(3), and 3.3(a)(1) by failing to seek a client's informed consent before dismissing her case without prejudice, failing to timely inform the client of the dismissal, and filing a misleading document with a court. *Cleveland Metro. Bar Assn. v. Thomas*, 125 Ohio St.3d 24, 2010-Ohio-1031, 925 N.E.2d 959.

{¶ 9} Based upon the foregoing, we accept the consent-to-discipline agreement. Accordingly, respondent is hereby suspended from the practice of law in Ohio for nine months, all stayed on the condition that respondent commit no further misconduct. If respondent fails to comply with the terms of the stay, the stay will be lifted, and respondent will serve the full nine-month suspension. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Ulmer & Berne, L.L.P., Melissa L. Zujkowski, and Erika Imre Schindler, for relator.

David C. Sherman, pro se.

_____