LAKE COUNTY BAR ASSOCIATION *v.* MAZZOCCO.

[Cite as *Lake Cty. Bar Assn. v. Mazzocco* (1999), 85 Ohio St.3d 399.]

(No. 98–2643—Submitted January 27, 1999—Decided April 28, 1999.)

400

*David J. Sternberg,* for relator.

*Anthony R. Mazzocco, pro se.*

***Per Curiam.*** With respect to case No. 95–48, we adopt the facts found by the board that relator did not maintain separate identifiable bank accounts for client funds, that he failed to maintain records of client funds coming into his possession, and that he used $88,136.94 in client trust funds for his personal and business expenses.

We do not adopt the board's factual findings that respondent failed to file a final account or turn over assets in the Santarelli case or that he issued a check to the Gateway Family Home for insufficient funds because those allegations were a part of count two in case No. 95–48, and that count was dismissed by the relator. We therefore adopt only the board's conclusion in case No. 95–48 that respondent's conduct violated DR 9–102(A) and (B)(3), in that he converted and commingled client and personal monies.

We adopt the findings and conclusions of the board in case No. 97–52.

Because public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases, we have previously held that absent mitigating circumstances, disbarment is the appropriate sanction when a fiduciary misuses the assets of an estate. *Disciplinary Counsel v. Romaniw* (1998), 83 Ohio St.3d 462, 700 N.E.2d 858. Where sufficient mitigating circumstances exist, and the board recommends it, we have, on occasion, imposed a lesser penalty. *Disciplinary Counsel v. Kurtz* (1998), 82 Ohio St.3d 55, 693 N.E.2d 1080; *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538. We do so in this case. Respondent is hereby indefinitely suspended from the practice of law in Ohio, with his reinstatement conditioned upon his making full restitution, with interest at the current judgment rate, in the Castrovince and Santarelli matters. Cost are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents and would disbar respondent.