DISCIPLINARY COUNSEL *v.* HILTBRAND.

[Cite as *Disciplinary Counsel v. Hiltbrand,* 110 Ohio St.3d 214, 2006-Ohio-4250.]

(No. 2006–0774—Submitted June 7, 2006—Decided August 30, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Eileen Brubeck Hiltbrand of Columbus, Ohio, Attorney Registration No. 0069807, was admitted to the Ohio bar in 1998.

{¶ 2} On January 9, 2004, relator, Disciplinary Counsel, filed an amended complaint charging respondent with professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in December 2005. The panel then prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

Misconduct

*Count I*

{¶ 3} In March 2001, respondent was charged with the offense of operating a motor vehicle while intoxicated. She later pleaded guilty to reckless operation of a motor vehicle and was sentenced to 90 days in jail, with 87 days of the sentence suspended. She was also fined and placed on probation for two years.

{¶ 4} In July 2001, respondent was arrested for driving while her driver's license was suspended. She later pleaded guilty to that charge and was sentenced to 180 days in jail, with the entire jail term suspended. She was also fined and placed on probation for two years.

{¶ 5} In September 2001, respondent was charged with the offense of telephone harassment. She later pleaded no contest to the charge and was sentenced to 180 days in jail, with the entire jail term suspended. She was also fined and placed on probation for two years.

{¶ 6} In May 2002, respondent was arrested for several offenses, including operating a motor vehicle while intoxicated, driving while her driver's license was suspended, endangering children, and possession of an open container of alcohol in a moving motor vehicle. Those charges stemmed from an anonymous tip that respondent had appeared to be intoxicated when she picked her son up from his school. Respondent pleaded no contest to operating a motor vehicle while intoxicated, and she was sentenced to 180 days in jail, with 170 days of the sentence suspended. She was also fined and placed on probation for five years, and her driver's license was suspended for two years.

{¶ 7} Respondent was argumentative during her arrest on the May 2002 charges, which led to her indictment on three felony counts of assault. She later pleaded guilty to a misdemeanor charge of resisting arrest and was fined $100.

{¶ 8} In January 2003, respondent was charged with the offense of criminal trespassing. She later pleaded guilty to a charge of disorderly conduct and was fined $100.

{¶ 9} We agree with the board's finding that respondent's actions violated DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice) and 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law).

## Count II

{¶ 10} In connection with a civil lawsuit filed by respondent against her ex-husband, a magistrate issued a protective order barring the parties from discussing certain deposition testimony outside a courtroom setting. In violation of the order, respondent disclosed the protected testimony to her daughter.

{¶ 11} We agree with the board's finding that respondent's action violated DR 1–102(A)(5) and 1–102(A)(6).

## Sanction

{¶ 12} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The one aggravating factor identified by the board was respondent's participation in a pattern of misconduct. BCGD Proc.Reg. 10(B)(1)(c). The board also noted that

although respondent was aware of the time and place of her disciplinary hearing, she failed to appear.

{¶ 13} According to the board, respondent appears to be suffering from an alcohol-dependency problem that has contributed to her misconduct. Because she has not completed an approved treatment program, however, that dependency cannot be considered a mitigating factor under BCGD Proc.Reg. 10(B)(2)(g).

{¶ 14} Scott Mote, executive director of the Ohio Lawyers Assistance Program, testified that he "wouldn't want her as a fellow member of the bar [and] would not want her representing clients" because respondent is in "very deep" denial about her alcohol problem and has not been willing to undergo treatment for that problem. Mote also stated that "hope's not lost" for respondent but that she must stop drinking.

{¶ 15} Relator and respondent's counsel both recommended that respondent be indefinitely suspended from the practice of law. The panel and the board likewise recommended an indefinite suspension.

{¶ 16} We have reviewed the board's report and agree with the board's recommended sanction. As the board noted, respondent's misconduct did not involve her work on behalf of clients, and there is no evidence that her actions harmed any clients. Her own lawyer told the board that respondent is not fit to practice law at the present time, however, because she has not addressed her alcohol-dependency problem. We agree.

{¶ 17} In other cases involving attorneys who have engaged in misconduct attributable to untreated alcoholism, we have imposed indefinite suspensions. See, e.g., *Columbus Bar Assn. v. McCorkle*, 105 Ohio St.3d 430, 2005-Ohio-2588, 828 N.E.2d 99; *Lake Cty. Bar Assn. v. Mazzocco* (1999), 85 Ohio St.3d 399, 709 N.E.2d 114; *Toledo Bar Assn. v. Hayes* (1999), 85 Ohio St.3d 336, 708 N.E.2d 201; *Disciplinary Counsel v. Brown* (1996), 77 Ohio St.3d 91, 671 N.E.2d 232.

{¶ 18} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. The court will not consider respondent's reinstatement until a medical professional has certified that respondent has completed a sustained period of recovery from alcohol dependency and until respondent has successfully complied with the terms of a contract with the Ohio Lawyers Assistance Program. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Gerald R. Walton, for respondent.