*294 McGee Brown, J.,
concurring.
{¶ 28} I concur in the majority’s reversal of the court of appeals’ judgment and its reinstatement of the trial court’s June 30, 2010 contempt order and July 27, 2010 order enforcing contempt. However, I write separately because I would order appellee, Julie Ann Smith, to appear and show cause why she should not be held in contempt for her blatant refusal to comply with this court’s July 7, 2011 order.
{¶ 29} Smith has effectively denied Rowell contact with the minor child for three years. She has not followed any of the visitation orders that have been issued and has appealed every contempt sanction, resulting in delay and continued denial of visitation. Even this court’s July 7, 2011 order reinstating temporary visitation orders pending the resolution of Rowell’s appeal before this court was ignored.
{¶ 30} Punishment for contempt may be appropriate when a party is found guilty of “[disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer.” R.C. 2705.02(A). A contemptuous act “brings the administration of justice into disrespect” and “obstructs] a court in the performance of its functions.” Windham Bank v. Tomaszczyk, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), at paragraph one of the syllabus. “Fundamentally, the law of contempt is intended to uphold and ensure the effective administration of justice. Of equal importance is the need to secure the dignity of the court and .to affirm the supremacy of law. For these reasons, a court’s order must be obeyed.” Cramer v. Petrie, 70 Ohio St.3d 131,133, 637 N.E.2d 882 (1994). It is our duty to ensure that the whims of the individual ultimately bend to the law, rather than allowing the law to bend to the whims of the individual. Id. at fn. 1. Accordingly, a party must not be permitted to ignore a court’s order, even when she disagrees with it.
{¶ 31} Smith was instructed to allow Rowell to exercise visitation with the child in orders that came from the trial court, the court of appeals, and this court. Because she believes herself to be the best authority on the legal validity of temporary visitation orders, Smith has thumbed her nose at every level of court in this state, for more than three years.
{¶ 32} Smith first began to flout court-ordered visitation in January 2009 by reducing Rowell’s visitation with the child. The trial court found Smith in contempt in June 2009 and ordered Smith to serve three days in jail, but suspended the sentence on the condition that Smith purge the contempt by obeying the visitation order. Soon after the trial court’s June 2009 judgment, Smith refused to allow Rowell to have any visitation with the child. After a subsequent temporary visitation order was issued in February 2010, Smith *295 continued to refuse to allow any contact between Rowell and the child. During a March 2010 contempt hearing, Smith admitted under oath that she had not complied with the terms of the visitation order in any respect, that she had no intention of following the order, and that she was fully aware of the possible sanctions for contempt. The trial court found Smith in contempt in June 2010 and ordered Smith to serve three days in jail, but again suspended the sentence on the condition that Smith purge the contempt by paying Rowell’s attorney fees and allowing visitation. Smith continued to deny visitation, and in July 2010, the trial court granted Rowell’s motion to enforce the court’s contempt order.
{¶ 33} Although the Tenth District Court of Appeals stayed the contempt order while Smith’s appeal was pending, it ordered Smith to comply with the February 2010 temporary visitation order. Once again, Smith refused to comply. In light of Smith’s contumacious behavior, the appellate court vacated its partial stay in September 2010 and instructed Rowell to apply to the trial court for enforcement orders.
{¶ 34} When the matter came before this court on appeal, we granted Rowell’s motion to stay the decision of the Tenth District Court of Appeals and reinstated the trial court’s temporary visitation orders. Notwithstanding the order from this court, Smith refused to comply.
{¶ 35} Smith has blatantly disregarded the trial court’s authority, the appellate court’s authority, and this court’s authority, and has shown immense disrespect toward the judicial proceedings. Her disdain for the authority of Ohio’s courts is particularly egregious since Smith herself is an attorney. Smith’s actions could even be cause for disciplinary action. See, e.g., Stark Cty. Bar Assn. v. Ake, 111 Ohio St.3d 266, 2006-Ohio-5704, 855 N.E.2d 1206 (attorney was found to have committed professional misconduct by repeatedly and deliberately ignoring a domestic court’s ord'ers in divorce proceedings in which the attorney was a party); Disciplinary Counsel v. Hiltbrand, 110 Ohio St.3d 214, 2006-Ohio-4250, 852 N.E.2d 733, ¶ 10 and 11 (attorney was found to have committed professional misconduct by violating a court order in a civil lawsuit in which she was a party).
{¶ 36} The fact that Smith has so far been able to brazenly and continuously defy court orders with impunity sends a dangerous message to Ohio’s domestic-relations litigants. Beyond harming the integrity of the courts, Smith’s actions have also harmed her child. From her birth in 2003 until 2009, the child had a relationship with Rowell. For three years, Smith has denied Rowell and the child visitation with each other. Although Smith has her reasons for not wanting to be involved with Rowell, the juvenile court found that it was in the child’s best interest to have a relationship with Rowell. Smith’s disregard of lawful court orders has done harm to this relationship.
*296 Massucci & Kline, L.L.C., and LeeAnn Massucci; and Carol Ann Fey, for appellant.
Gary J. Gottfried Co., L.P.A., Gary J. Gottfried, and Eric M. Brown, for appellee.
Einstein & Poling, L.L.C., and Dianne Einstein, urging affirmance for amici curiae, Marlin and Jennifer Herrick.
{¶ 37} The integrity of the courts and the enforcement of court orders are critical to our system of justice. For these reasons, I would issue a show-cause order compelling Smith to explain why she should not be held in contempt of this court’s order.
Pfeifer, J., concurs in the foregoing opinion.